## FARMERS' AND MERCHANTS' NATIONAL BANK *vs.* CHESTER H. DAVIS.

### Opinion filed October 20th, 1898.

#### Appeal—Stated Case—Certificate—Newman Law.

Construing section 5630, Rev. Codes, as amended by the act embraced in chapter 5 of the Session Laws of 1897. In this case the record embraces a statement of the case, which was stipulated by counsel, and which declared in terms that it "contains in itself all the bill of exceptions and a true statement of the evidence in the case, as by section 5467 of the Code of Civil Procedure required." To this stipulation the trial judge appended the following certificate, and no other: "The foregoing statement of the case is settled and allowed this 25th day of August, A. D. 1898." The record further embraced a declaration that the appellant "desires a review of the entire case in the Supreme Court." *Held,* that the certificate of the trial court appended to the record fails to state either in terms, or when construed in connection with the stipulation of counsel to which it refers, that the record sent to this court embraces all the evidence offered at the trial; and hence, under the provisions of said amended act of 1897, the entire case is not in a condition to be tried anew in this court upon the facts, and the judgment must therefore be affirmed.

#### Act of 1897—Specifications—Abstract on Appeal.

The amended act is further construed, and certain of its features pointed out, as follows: First. That specifications of errors of law, and of particulars wherein the evidence does not justify findings of fact, as prescribed by the earlier statutes and the rules of this court, are no longer required to be placed in a statement in this class of cases. These requirements have been wholly superseded by the act of 1897; the provisions of which relating to specifications are, nevertheless, mandatory, and must be observed by the appellant. The amended act requires that the appellant shall cause to be incorporated with the statement of the case, where he desires only to review one or more particular facts, a specification naming or pointing out such particular facts; and, when the appellant desires a retrial of the whole case in this court, that fact also must be specified or declared in the statement of the case. Second. The act of 1897 omits to re-enact the following provision, found in section 5630 of the Revised Codes: "Which statement shall contain in a narrative form without unnecessary repetition all the evidence offered at the trial." The amended act nowhere requires that the evidence offered at the trial shall be reduced to a narrative form, or otherwise pruned of its superfluous matter, before it can be incorporated in the record to be sent here on appeal. But this enactment does not, of course, annul the rule of court requiring the abstract of the record to be an abridgment of the evidence, and a condensation of the mass found in the record.

Appeal from District Court, Barnes County; *Glaspell,* J.

Action by the Farmers' & Merchants' National Bank of Valley City against Chester H. Davis to quiet title. From a judgment for defendant dismissing the action, plaintiff appeals.

Affirmed.

*Herbert Root,* for appellant.

*Winterer & Winterer,* for respondent.

WALLIN, J. This action was brought to quiet title to certain real estate, and was tried below by the Court. The relief prayed for was denied, and a judgment was entered dismissing the action. The plaintiff has appealed from such judgment to this Court, and desires a trial anew of the entire case. The trial and the appeal are governed by section 5630 of the Revised Codes, as amended by the act embraced in chapter 5 of the Session Laws of 1897. A bill of exception or statement was settled by the trial judge, pursuant to a stipulation made by counsel, which is as follows: Stipulation. "It is hereby stipulated and agreed, by and between the respective counsel for the plaintiff and the defendant in the above entitled cause, that the record hereto attached contains in itself all the bill of exceptions, and a true statement of the evidence in the case, as by section 5467 of the Code of Civil Procedure required, and that the exceptions appearing therein were made within due time, and within that allowed by the Court, and that the said foregoing attached statement of the case is hereby to be and become and is hereby attached to the record in said cause, and made a part thereof, to be allowed in the argument of it before the Supreme Court of the State of North Dakota. Dated August 23rd, 1898. Herbert Root, Attorney for Plaintiff. Winterer & Winterer, Attorneys for Defendant." To which stipulation the trial court appended the following certificate: "The foregoing statement of the case is settled and allowed, this 25th day of August, A. D. 1898. S. L. Glaspell, Judge."

It will be observed that the judge's certificate, standing alone, contains no allusion to the evidence offered at the trial, and hence omits to state whether the whole or any part of the evidence offered below is contained in the record transmitted to this Court. We regard this omission as fatal. In sitting as a Court for the retrial of issues of fact, this Court can consider only evidence "offered at the trial." Such evidence, therefore, must be officially certified to this Court by the Court below, and must be embraced within the statement of the case sent here. This Court cannot be required to retry any case under this statute upon a statement of the case which embraces only an abridgment of the evidence as vouched for by agreement of counsel, and which is devoid of any certification of the Court below other than the mere declaration that an agreed statement is "settled and allowed." Upon this point, we cite what was said by this Court in *Thuet* v. *Strong*, 7 N. D. 565, 75 N. W. Rep. 922. Nor does the stipulation so settled and allowed as a statement contain the statement which the law requires. The stipulation does not declare that the evidence offered at the trial is all embraced in the statement; nor that the evidence offered bearing upon any specified facts is contained in the statement. So far as the stipulation refers to the evidence, it states that the record embraces "a true statement of the evidence in the case, as by section 5467 of the Code of Civil Procedure required." Section 5467, supra, declares as follows: "The objection must be stated with so much of the evidence or other matter as is necessary

to explain it, and no more." It therefore appears from the language of the stipulation of counsel, when fairly construed, that all the evidence offered at the trial is not embraced in this record, and that it contains only so much thereof as relates to certain objections. There are no errors specified in the statement of the case, nor is there an attempt made therein to specify wherein the findings of fact made below, or any of them, are not justified by the evidence. These omissions are, however, explained by counsel for the appellant, by stating that, in his judgment, no such specifications are required, under the amendment found in chapter 5 of the Laws of 1897. As will be seen hereafter, we agree with counsel upon this point; but this construction cannot do away with the necessity of an official certificate made by the trial court, to the effect that the evidence offered at the trial is all contained in the record, or that all thereof which relates to certain specified questions of fact is contained in the record. See chapter 5, Laws 1897.

In this case, counsel for appellant has, in lieu of the specifications required by section 5467 of the Revised Codes, appended to the stipulated case a declaration signed by him, to the effect that appellant "desires a review of the entire case in the Supreme Court;" also, that he desires to review certain of the findings of fact made by the District Court which he refers to by their numbers only; and, further, that he desires this Court "to make such findings of fact as would establish all the material allegations of the complaint," these last not being otherwise described or specified. This declaration of counsel clearly states that the appellant desires a retrial in this court of the entire case. As has been seen, this cannot be accorded to the appellant, for the reason that it does not appear that all of the evidence is certified to this Court, and it does appear affirmatively that only a version of the evidence offered at the trial is embraced in the statement of the case. This omission in the record precludes a trial of the entire case de novo in this Court, and renders an affirmance of the judgment necessary, and such will be the disposition made of the case; but, inasmuch as this is the first case coming before this Court in which we have been directly called upon to construe the amended act found in chapter 5 of the Session Laws of 1897, we deem it proper to call attention to the more important changes in the practice regulating appeals in this class of cases which have been introduced by the amendment of 1897.

We note, first, that certain requirements are found in the amended act not found either in the original act of 1893, or in the amendment thereto embraced in section 5630 of the Revised Codes. We refer, first, to the provision requiring the appellant, in framing his statement of the case, to "specify therein the question of fact that he desires the Supreme Court to review." This requirement is mandatory in its terms, and, in our opinion, its entire omission from the statement would preclude a retrial in this Court of any fact within the issues. The statute further declares as follows: "The Supreme Court shall try anew the questions of fact specified in the statement

or in the entire case." The provisions in the amendatory act make it incumbent on the appellant in this class of cases to incorporate with 'the statement of the case certain specifications; and, as we construe the act, it requires, in cases where the appellant desires to have reviewed only certain particular facts, that such facts must be pointed out or specified in the statement; and, where the appellant desires to retry the entire case in this Court, it is incumbent upon him to specify or state that fact in the settled statement of the case. But we are likewise of the opinion that the act of 1897 has entirely superseded the requirements of section 5630 and of article 8 of chapter 10 of the Revised Codes, relating to the specification of errors of law, and of the particulars wherein findings of fact are not justified by the evidence. Under the amendment we are considering such specifications as are required by former statutes and by the rules of this Court are no longer required in actions tried below without a jury, and which come to this Court for a retrial upon the merits. To construe the amended act to mean that it requires a new kind of specifications of fact, differing in form from any specifications required by pre-existing statutes, rules of court or practice, and that the new variety of specifications called into being by this statute must be inserted in the record in addition to those specifications required by the older statutes and pre-existing practice, would be to invite a swarm of intolerable perplexities, and to place such obstacles in the way of an appellant as would prove, in our opinion, well-nigh insurmountable, and in many cases practically insurmountable to the average practitioner. Such a construction would violate an established rule requiring a liberal construction of the statutes and rules of procedure in furtherance of justice. The amendment declares that the appellant shall cause a statement of the case to be settled "within the time and in the manner prescribed by article 8 of chapter 10 of this Code." The amended act, we think, significantly omits the word "prepared," found in section 5630 of the Revised Codes. So that the statement framed under the amended statute is not in terms required to be prepared under the provisions of article 8 of chapter 10, supra. It is only provided by the last enactment that it shall be "settled within the time and in the manner" prescribed in article 8 of chapter 10. We think this language should be held to mean that a statement should be settled within the time and in the manner as originally prescribed in the older statutes, but that its preparation with respect to its structure and component parts must be as prescribed in chapter 5 of the Laws of 1897, and this to the exclusion of the specifications which were held to be essential under the statutes and rules of court, which are to this extent not adopted by the terms of the act of 1897. In *Thuet* v. *Strong*, 7 N. D. 565, 75 N. W. Rep. 922, the Court inadvertently used some language that is, perhaps, too broad. It in no manner affected the decision of that case, but our language conveys the impression that the statement must be prepared as directed in said article 8. That was true before section 5630 was

amended in 1897, but under the amendment, as we have seen, it is only to be settled under those provisions. Of course, the pre-existing statutes are not repealed by the act of 1897; but the same are not in Court cases adopted by the act of 1897, except as hereinbefore explained. In other words, where the amendment is necessarily inconsistent with a preceding statute or rule of court, the amendment will prevail. Again, we cannot overlook the fact that the amendment of 1897 wholly omits to re-enact the following provision, found in section ·5630 of the Revised Codes: "Which statement shall contain in a narrative form without unnecessary repetition all the evidence offered at the trial" The latest enactment nowhere requires in terms or by implication that the evidence at the trial shall be reduced to a narrative form in the statement of the case, or that it shall be otherwise pruned of superfluities before it can be incorporated in the record. In the entire absence of any such requirement, we think this Court would not be justified in reading into the act any such provision; but this, of course, does not operate to annul an existing rule of court which requires that the record shall be abridged in the abstract thereof which is presented to this Court. Nor does the statute abrogate the rule of court requiring points to be assigned in the brief of the appellant's counsel.

Perhaps it may be true that all we have said in the way of construing the act of 1897 is not strictly necessary to a decision of this case. We have enlarged somewhat in this opinion in the hope that we might facilitate appeals taken under this act, and render unnecessary the dismissal of cases from the consideration of this Court without a decision upon their merits,—a duty which is never an agreeable one to this Court. All the evidence offered below not being certified to this Court, a retrial here of the entire case cannot be had anew upon the evidence and facts, and hence the judgment entered below will be affirmed. All the judges concurring.