(80 N. W. Rep. 686.)

---

### B. S. RICKS *vs.* AMUND BERGSVENDSEN.

Opinion filed October 23, 1899.

**Appeal and Error—Trial Without Jury—Statement of Case.**

In actions tried in the District Court without a jury, under the provisions of Chapter 5 of the Session Laws of 1897, a statement of the case must be settled on appeal, embracing either a specification of particular facts which the appellant desires this Court to review, or a statement that the appellant desires a review of the entire case in this Court.

**Settlement of Stated Case—Specifications.**

Applying this rule to the facts of this case, *held*, that this Court is without authority or legal right to try this case anew in this Court, because it does not appear that any statement of the case proper was ever settled, and because the bill of exceptions in the record embraces none of the requisite specifications which are essential to a trial anew in this Court.

**Notice of Appeal Cannot Supply Defect in Statement.**

The notice of appeal, and also the certificate of the trial court, stated, in effect, that the appellant desired a trial anew in this Court. *Held*, construing the provisions of said statute, that such statements are inoperative, and do not confer authority upon this Court to review the case upon the evidence. Following Bank v. Davis, 8 N. D. 83, 76 N. W. Rep. 998.

Appeal from District Court, Ramsey County; *Morgan, J.*

Action by B. S. Ricks against Amund Bergsvendsen. Judgment for defendant, and plaintiff appeals.

Affirmed.

*E. A. Maglone,* for appellant.

*Siver Serumgard,* for respondent.

WALLIN, J. This action is for equitable relief and was tried below without a jury. The record certified to this Court shows

that the trial court filed its findings on July 30, 1898, and that on said date counsel for plaintiff filed certain exceptions to such findings, and also filed certain proposed findings in plaintiff's favor, which proposed findings were rejected by the trial court, to which ruling plaintiff's counsel duly excepted. The trial court, on said 30th day of October, made the following order: "The Court, having examined each and all of the foregoing exceptions, hereby allows the same, and the whole thereof, and the same are ordered brought up on the record herein and made a part of the judgment roll." It further appears that judgment was entered pursuant to the findings, on October 26, 1898, and plaintiff served notice of appeal from the judgment on November 5, 1898. Said notice stated that the plaintiff "demands that the above-entitled action be tried anew by said Supreme Court, under the provisions of Article 8 of Chapter 10 and Chapter 14 of the Code of Civil Procedure and Chapter 5 of the Session Laws of 1897." The presiding judge has appended to the record a certificate, dated July 24, 1899, the material language of which is as follows: "That the annexed and foregoing is the original judgment roll, together with the original pleadings or copies thereof, and the evidence as offered and taken at the trial of this action, and the whole thereof." To all of the papers the clerk of the District Court annexed the statutory certificate required on appeals, but such certificate embraces no reference to a statement of the case. No judge's certificate naming and identifying the papers is found in the record. The record so transmitted to this Court embraces the judgment roll proper; the exceptions to the findings; also the proposed findings rejected by the trial court; likewise the evidence offered at the trial; but there is no reference in the record to any statement of the case, and no certificate, stating that any statement was ever settled, is found in the record as transmitted here by the clerk of the District Court. In the abstract filed in this Court by plaintiff's counsel, we find what purports to be a certificate, signed by the judge who presided at the trial, and which is dated July 21, 1899. The certificate is as follows: "I, D. E. Morgan, judge of the District Court in and for the Second judicial district of the State of North Dakota, do hereby certify and allow the foregoing as a true bill of exceptions in the above-entitled action, and that the same contains all of the testimony and evidence offered in the trial of said action, all the exceptions taken, and is a true and correct copy thereof; that the same is settled within the time extended therein; that said plaintiff desires a trial de novo in the Supreme Court. Dated this 21 day of July, 1899." Nothing similar to this certificate is contained in the record. But if it were conceded that the certificate was intended to be appended to the record proper, and that it was attached to the abstract by a mistake, the plaintiff would be in no better position in this Court. Nor would it cure the radical defects in the record to concede the further fact that the trial court in the certificate found in the abstract intended to certify, not that a "true bill of exceptions"

was "settled within the time extended," but that a statement of the case, embracing all the evidence offered at the trial, was so settled.

The record, if so construed and considered most favorably to the appellant, is still fatally defective, as a basis upon which a new trial in this Court can be had. If the bill of exceptions, as actually found in the record, should be treated as a statement of the case by this court, it would be wholly useless as such, because it omits to specify therein any question of fact which plaintiff desires this Court to review, and fails also to state that the appellant desires to "review the entire case." The case was tried under Chapter 5 of the Laws of 1897, and is governed by its provisions, which are unambiguous and simple in their requirements. The mandate of the statute is explicit and inexorable. The statement itself must contain the specifications as above indicated, and this Court so held in *Bank* v. *Davis*, 8 N. D. 83, 76 N. W. Rep. 998. Nor does the statute admit of a construction to the effect that the required specifications can be incorporated either in a notice of appeal or in a judge's certificate, as was attempted here. Such is not the language of the statute. A simple observance of the provisions of the statute of 1897, in making up the record sent to this Court, would have insured a retrial of the action in this Court upon the merits; but, upon the record as it exists, no review of the case upon the evidence can be had without a violation of the existing law, permitting this Court to sit as a trial Court in certain cases only. The exceptions filed below were wholly superfluous, and could not be considered in this court, even if the whole case could be reviewed. See *Bank* v. *Davis*, supra.

The bill of exceptions embracing the evidence being disregarded, —as it must be,—there is nothing left before this Court for consideration save the judgment roll proper, viz: the pleadings, findings, and judgment. Counsel for appellant has assigned no errors whatever in his brief filed in this Court, and hence we shall rule that plaintiff takes no exception to anything found in the judgment roll proper, when considered aside from the evidence. Finding no error in the record, and the case not being reviewable upon the evidence, this Court will direct an affirmance of the judgment. All the judges concurring.

### ON REHEARING.

In this action appellant's counsel has filed a petition for a rehearing, and in connection therewith has requested this Court to withhold the remittitur, and to send down the record, to enable the appellant to apply to the District Court for a resettlement of the so-called "Statement of the Case," with a view of incorporating therein certain essential specifications which were omitted from the original record as transmitted to this Court, and upon which the case was disposed of by this Court. These requests, coming, as they do, after the case has been submitted and decided, and after an opinion has been written and filed, are not seasonably made. Without holding that this Court is devoid of authority to grant

such a request, under any possible state of facts, we do, without hesitation, hold that similar requests will ordinarily be denied, and will not be granted in any case, unless it presents features which are peculiar and very exceptional, and such as this case does not present. Counsel cites section 5625 of the Revised Codes, and claims that, under said section, it is the duty of this Court to transmit the record, with a view to the perfection of the appeal, and to make the same effectual. But counsel in this case in not seeking to perfect the appeal or to make it effectual. The validity of the appeal is not at all involved in any object which counsel is seeking to attain. The citation is therefore not in point. The petition for a rehearing and the said requests of counsel are denied. The other judges concurring.