(81 N. W. Rep. 44.)

---

## IRA A. HAYES vs. F. W. TAYLOR.

### Opinion filed November 17, 1899.

**Appeal—Review—Questions of Fact.**

> Construing chapter 5, Session Laws 1897: In cases tried in the District Court without a jury, including those where the evidence is taken before a referee and reported to the court, this court is without authority to retry either distinct questions of fact, or the entire case denovo, where the statement of the case does not contain either specifications of fact, or a request to review the entire case. A request, embraced in the notice of appeal, either to try the case anew, or retry certain specified facts, is wholly inoperative, and confers no authority upon this court to retry the case, or any fact in the case. Ricks v. Bergsvendsen, 8 N. D. 578, 80 N.W. Rep. 768.

Appeal from District Court, Ransom County; *Lauder,* J.

Action by Ira A. Hayes against F. W. Taylor, sheriff of Ransom county. Judgment for defendant, and plaintiff appeals.

Affirmed.

*H. Doherty,* for appellant.

*P. H. Rourke,* for respondent.

WALLIN, J. The trial of this action, which is an action to recover money only, resulted in a judgment of dismissal, with costs to the defendant. Plaintiff has appealed to this court from such judgment. In his notice of appeal he has set forth, among other things, that he desires a review of the entire case in this court *de novo*. We find in the record a statement of the case, embracing all the testimony and all the proceedings had at the trial; but such statement embodies no specification of any fact or facts which plaintiff desires to review in this court, nor does the statement contain a declaration to the effect that the plaintiff desires a retrial of the entire case in the Supreme Court. Nothing of the kind is suggested in the statement of the case. The case was tried before the District Court without a jury; all the testimony being taken before a referee,

who reported the same to the District Court without making findings either of law .or fact. Subsequently the trial court made and filed findings of fact and law, upon which the judgment was entered. In this court, appellant's counsel has assigned a lengthy list of alleged errors. They relate to rulings at the trial made upon the admission of evidence, and to the refusal of the referee to make rulings upon the admission of evidence, and to various other rulings at the trial, including that of allowing an amended answer to be filed. We make reference to these assignments of error only in general terms, because the case, upon the rcord, does not admit of a review or retrial of the same, or any of them, by this court. The case must be governed by the provisions of chapter 5 of the Session Laws of 1897. Under that statute this court does not sit merely as a court of review to correct errors. By its provisions we are authorized to try specific questions of fact anew, or to try the whole case anew; but this can only be done where the record embraces a statement of the case, in which the appellant specifies some fact or facts which he desires to have retried, or states therein that he desires a review of the entire case in this court *de novo*. The statement of the case in this record, as has been seen, is devoid of any specification or declaration such as the statute requires as a prerequisite to any trial in this court. We are, therefore, upon this record, precluded from a retrial of any of the facts in issue; and being without authority to retry any fact in the case, or to review the whole case, we cannot sit to review errors of law occurring during the trial in the court below. See *Nichols & Shepard Co.* v. *Strangler,* 7 N. D. 102, 72 N. W. Rep. 1089. We have, in cases already decided, covered all the grounds upon which we base our conclusions in this case. In a case handed down at the present term, we hold that a demand for a retrial in this court either of the entire case, or of specified facts therein is, when inserted in a notice of appeal, wholly inoperative as a demand. See *Ricks* v. *Bergsvendsen,* 8 N. D. 578, 80 N. W. Rep. 768. See, also, *Erickson* v. *Bank,* 9 N. D. 56, 81 N. W. Rep. 46; also, *Bank* v. *Davis,* 8 N. D. 83, 76 N. W. Rep. 998; and *Mooney* v. *Donovan,* 9 N. D. 93.

Our conclusion is that the condition of this record is such that no part of the case, whether involving questions of law or fact, can be reviewed in this court. It follows that the judgment of the trial court will be affirmed. All the judges concurring.