STATE EX REL P. J. McCLORY *vs.* N. McGRUER.

Opinion filed November 7, 1900.

### Liquor Nuisance—Injunction.

This is an action brought under section 7605, Rev. Codes 1895, to abate a liquor nuisance, and enjoin its further maintenance. The complaint broadly charged, in effect, that the defendant, who was a licensed pharmacist, holding a druggist's permit, had established and was maintaining in his drug store a liquor nuisance by selling and keeping for sale intoxicating liquors as a beverage. When the evidence was closed, the trial court, upon the request of plaintiff's counsel, made and filed findings of fact whereby it conclusively appears that the defendant had in fact established in his drug store, and was there maintaining, a liquor nuisance, as defined in said section, and was there selling and keeping for sale intoxicating liquor as a beverage, and had frequently sold such liquors as a beverage to minors, habitual drunkards, and others. Upon such findings the District Court filed its conclusions of law adjudging that the court had not jurisdiction of the subject-matter of the action, and that the action could not be maintained, under said section, as against a druggist holding a regularly issued permit; and pursuant to such findings a judgment was entered in the District Court dismissing the action with costs. *Held*, that said conclusions of law are not warranted by the facts found, and are entirely erroneous; and *held*, further, that the judgment entered herein is erroneous, and must be reversed, and a new judgment entered for the relief dmanded in the complaint.

### Exceptions to Findings Not Reviewable on Appeal from Judgment.

Both parties have appealed to this court from said judgment, and the defendant states in his notice of appeal that he is desirous of attacking said findings of fact in this court. A statement of the case was settled, which embodies certain exceptions to the findings of fact; also certain specifications whereby the defendant alleges that such findings are unsupported by the evidence, and are, moreover, illegal, because the same are based upon incompetent testimony, to which defendant objected at the trial. The statement further embraces a list of alleged errors of law based upon rulings made upon the admission of the evidence, but said statement does not contain any of the evidence offered at the trial. *Held*, construing section 5630, Rev. Codes 1899, that each and all of said enumerated papers contained in said statement of the case are wholly unauthorized by any law or rule of practice, and that none of the same have any efficacy whatever in any case in which the procedure is governed by said section of the Code.

### Stated Case Must Demand Retrial.

*Held*, further, that where, as in this case, there is no demand embodied in the statement of the case, either for a retrial in this court of the entire case or of any specified fact therein, this court is wholly without power to retry any issue of fact in the case. *Held*, further, that in such cases this court will not sit to review alleged errors of law arising on rulings made upon the elicitation of the evidence in the court below. See Bank v. Davis, 8 N. D. 83, 76 N. W. Rep. 998; Hayes v. Taylor, 9 N. D. 92, 81 N. W. Rep. 49; and Nichols Shepard Co. v. Stangler, 7 N. D. 102, 72 N. W. Rep. 1089.

Appeal from District Court, Cavalier County; *Fisk*, J.

Action by the state, on the relation of P. J. McClory, assistant attorney general, against N. McGruer, to abate a liquor nuisance. From the judgment both parties appeal.

Reversed. Judgment ordered for plaintiff.

*Bosard & Bosard,* for appellant.

*Templeton & Rex,* and *F. W. McLean,* for respondent.

WALLIN, J. This action was instituted by P. J. McClory, as assistant attorney general, under section 7605 of the Revised Codes of 1895, to abate an alleged nuisance created by selling and keeping for sale intoxicating liquors as a beverage. The action was tried to the court without a jury, and after the evidence was submitted counsel for plaintiff framed and presented to the trial court findings of fact,—18 in number,—and requested said court to make and file such findings, and further requested the court to make and file certain conclusions of law in plaintiff's favor, and to direct the entry of a judgment for the relief demanded in the complaint. Pursuant to such request, the trial court made and filed each and all of plaintiff's said findings of fact, but refused to find the conclusions of law as requested by plaintiff's counsel; whereupon the trial court made other conclusions of law favorable to the defendant, and thereby adjudged that under the facts so found the trial court did not have jurisdiction over the subject-matter of the action, and the court further directed that the action be dismissed, with costs against the plaintiff. Pursuant to such findings, judgment was entered dismissing the action, with costs. From such judgment the plaintiff appealed to this court, and subsequent to the plaintiff's appeal the defendant also perfected an appeal to this court from said judgment. The notice of appeal served by defendant embraced the following language: "By this appeal the defendant seeks to review only the findings made by the court in behalf of plaintiff at plaintiff's request." A statement of the case was settled in the District Court, and the same is incorporated in the record sent to this court. The statement of the case embraces certain papers, the material features of which may be summarized as follows: (1) A paper showing that defendant, at the opening of the trial, objected to the introduction of any evidence under the complaint, for the reason that the complaint did not state a cause of action, in this: (a) That an injunctional proceeding will not lie against a druggist holding a permit under the laws of this state; (b) upon the ground that the court has not jurisdiction of the subject-matter; (c) upon the ground that the complaint does not charge violations of the law with sufficient certainty. (2) At the trial the defendant further objected to the introduction of any evidence of sales of liquors to any person whomsoever except to one Ed Gleason, for the reason that sales to no other persons were charged in the complaint. (3) The introduction of evidence of sales to minors and habitual drunkards was objected to upon the ground that sales to such persons were not

alleged. (4) Objections were made to the introduction of evidence upon various other grounds, but these need not be particularly set out, as the same are wholly immaterial for reasons which will be hereafter stated. (5) The statement of the case further embodied exceptions to 12 of the said findings of fact made at the plaintiff's request. All of said exceptions are made upon the ground that there is no competent evidence tending to support the same; all of said evidence having been objected to by the defendant. (6) The statement embraces, also, specifications of particulars in which the defendant seeks to point out wherein said 12 findings of fact are not justified by the evidence, and this on the ground that the evidence was incompetent, and was received against the defendant's objections thereto. (7) The statement further contains a list setting out 12 "specifications of errors of law." These specifications are aimed also at the court's findings of fact, including findings numbered from the fifth to the sixteenth, inclusive. These alleged errors of law are placed upon the ground that such facts, respectively, were erroneously found, for the reason that the evidence offered to sustain the same was incompetent, and was received against objection made by the defendant.

The complaint is as follows: "(1) That at the city of Langdon, in the county of Cavalier, and state of North Dakota, the defendant herein, in a building situated on lot six (6) of block twenty-seven (27) of the original townsite of Langdon, now keeps and maintains a bar and place for the sale of intoxicating liquor as a beverage; that at said place the said defendant has maintained, ever since the 1st day of January, 1896, a public bar, equipped with glasses, bottles, and has during all of said time and he does now keep therein beer, wine, whisky, brandy, and divers and sundry other fermented, malt, and vinous liquors,—all of which said liquors are intoxicating; and the defendant keeps the same in said building for the purpose and with the intent of selling the same to be used and drank as a beverage, and for the purpose of selling the same in violation of law. (2) That the defendant has sold intoxicating liquors at said place to divers and sundry persons, and particularly as follows: Alcohol to Ed Gleason on July 7, 1898; and is now engaged in selling such liquors continuously and as a common practice and business, and will continue so to do, as plaintiff is informed and verily believes, unless restrained by the proper order of this court. (3) That said defendant, N. McGruer, has permitted said intoxicating liquors to be used and drank upon the said premises, and over his said bar, and now allows the same to be used and drank over said bar; and he, the said defendant, knowingly permits persons to resort to said place for the purpose of drinking intoxicating liquors as a beverage. (4) That the defendant, N. McGruer, is now, and at all the times hereinafter and hereinbefore mentioned has been, the owner in fee of the building situated on lot six (6) of block twenty-seven (27) of the original townsite of the city of Langdon, in Cavalier

county, state of North Dakota, wherein the saloon operated by the said N. McGruer is kept as aforesaid. (5) That a permit has been issued to said defendant, N. McGruer, by the county judge of said Cavalier county of Cavalier, N. D., but that said liquor was sold in violation of said permit. (6) That the said N. McGruer will continue to occupy said place, and to keep and use the same as a place for the sale of intoxicating liquors, as aforesaid, and a common saloon, indefinitely in the future unless restrained by the injunction and decree of this court." The relief demanded in the prayer of the complaint was that such nuisance should be abated, and the defendant enjoined from further maintaining the same, for general relief, and for costs. The answer to the complaint consisted of denials of all the material features of the complaint.

This action having been tried in March, 1899, by the court without a jury, is, as to its procedure in the court below and in this court, governed by the provisions of section 5630 of the Revised Codes of 1899; and with reference to the matter of procedure an important preliminary question is presented. The record does not embrace the evidence presented to the court below, or any part thereof; nor does the statement of the case embrace a demand by either of the appellants of a trial anew in this court either of the entire case or of any specified question of fact in the case. In view of these omissions, the language of said section 5630 is directly applicable to this case. The section declares, with reference to a statement of the case, that the appellant "shall specify therein the questions of fact that he desires the Supreme Court to review, and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court." It is further declared that the Supreme Court "shall try anew the questions of fact specified in the statement, or in the entire case." Under the language of said section it is clear that upon this record this court is without power either to try anew the entire case, or any particular question of fact in the case. The statute is further explicit to the point that, in the absence of specifications, and of any demand of a retrial in this court, this court is compelled to hold that all questions of fact decided below were properly decided. Upon this point see *Bank* v. *Davis,* 8 N. D. 83, 76 N. W. Rep. 998. In the case cited this court used the following language: "Under the amendment we are considering such specifications as are required by former statutes and by the rules of this court are no longer required in actions tried below without a jury, and which come to this court for a retrial upon the merits." See 8 N. D. 86, 76 N. W. Rep. 1000. In the case at bar no question of fact presented in the record can be retried, and it is, therefore, clear in this case that the list of alleged errors of law contained in the statement and based upon the rulings made upon the admission of the evidence are not pertinent, nor does the same subserve any useful purpose; and this is true likewise of the list of specifications above mentioned, in which it is sought

to point out wherein the several findings of fact are not justified by the evidence. It must follow that the said alleged errors of law arising upon the admission of the evidence and said alleged errors in the findings of fact must be wholly disregarded in disposing of this case. See, also, *Hayes* v. *Taylor* (N. D.) 81 N. W. Rep. 49, and *Nicholas-Shepard Co.* v. *Stangler*, 7 N. D. 102, 72 N. W. Rep. 1089.

The record being thus purged of extraneous matter, there remains but a single question for determination in this court. This question arises on the face of the statutory judgment roll, and is strictly a question of law. Briefly stated ,the question is whether the complaint states a cause of action. The trial court held in terms that it did not, and that the action should be dismissed for want of jurisdiction in the court over the subject-matter, and upon the ground that a civil action cannot be maintained under the statute against a druggist holding a permit. A perusal of the findings of fact furnishes conclusive evidence that during all of the time referred to in the complaint, and subsequently, and while the action was pending, and until it was tried in the District Court, the defendant was extensively engaged in selling intoxicating liquors as a beverage, and during all of said time defendant was keeping a place in which intoxicating liquors were sold and kept for sale in violation of law. Said unlawful business was at all times conducted and carried on upon premises owned by defendant, and described in the complaint. It is also true, and the court so finds, that said liquor was sold within defendant's drug store, and while the defendant had a druggist's permit, which authorized him to sell intoxicating liquor for the purposes and under the restrictions specified in the statute. Upon this state of facts it is entirely clear that the defendant has been guilty of establishing and maintaining a liquor nuisance, within the meaning of section 7605 of the Revised Codes of 1895. Upon the facts found by the trial court the legal inquiries are whether such nuisance, when the same is established and maintained in a drug store, and by a licensed pharmacist holding a druggist's permit regularly issued under the statute, can lawfully be abated, and its further maintenance enjoined, by a court of equity in a civil action, instituted under the statute. We have reached the conclusion that all of these questions must receive an affirmative answer. It is the contention of counsel for the respondent that the District Court did not have, and could not obtain, jurisdiction of the subject-matter of the action, for the reason, as counsel claims, that the action to abate a liquor nuisance cannot be maintained in any case as against a defendant who is a druggist, and who holds a regularly issued permit. In support of this contention counsel argue that the statute (chapter 63, Rev. Codes 1895) has prescribed certain remedies and certain procedure which are special in character, and which are intended to be exclusive in all cases in which a druggist is or may be prosecuted for violating the provisions of the statute. Counsel concede that the

section of the statute which defines the class of nuisances under consideration (section 7605) is broad enough in its terms to embrace all persons, including druggists, who are guilty of maintaining the nuisance defined in the section; but, to avoid the effect of this concession, counsel has invoked a rule of statutory construction, which rule counsel have formulated in their brief as follows: "We maintain that the correct rule is that special provisions in a statute made directly applicable to a certain class of persons are exclusive, and limit general provisions of the statute which might include such class in the absence of special provisions." The special provisions of the statute upon which counsel rely to shield a druggist holding a permit from prosecutions brought to abate a nuisance are found in sections 7594, 7596, and 7597 of the Revised Codes. These sections contain in detail provisions controlling the issuing and cancellation of a druggist's permit, including the matter of a druggist's bond, and suits brought thereon; and also provide the procedure in the County and District Courts in and about the matter of obtaining and canceling such permits. Section 7597 relates chiefly to criminal offenses created by said section, and which offenses in their nature are such as can be committed only by a druggist holding a permit, and in addition to such offenses—peculiar to druggists—this statute provides, in effect, that such druggists may be punished criminally, as other persons are punishable, for violating the provisions of the chapter. The several sections of the Code above cited have been carefully considered with reference to the contention of counsel, and this court must confess that it is wholly unable to understand their pertinency to such contention. Each and all of said sections are, in so far as they are peculiar to and limited to druggists holding permits, wholly foreign to the matter of abating a liquor nuisance or enjoining the same. This action is brought in a court of equity to abate a nuisance, and to enjoin its further maintenance, and it has no other or different purpose. The statute, in the sections above last cited or elsewhere, has not furnished any procedure or remedies peculiar to druggists whereby a liquor nuisance, when maintained in a drug store, may be enjoined; and hence we are unable to see that a druggist who may in fact have established a nuisance in a drug store can have immunity from prosecution in equity under a statute which is broad enough in its terms to include all who may violate the statute by maintaining a nuisance. Our conclusion upon this point of the case is that the rule of statutory construction invoked by counsel in defendant's behalf has no application to the facts in the record or to the statutes which control this case.

But counsel further contends, or seems to contend, that, inasmuch as the druggist, by his permit, is authorized, under the statute, to have and keep intoxicating liquors in his possession for sale in his drug store for certain lawful purposes defined in the statute, it follows that in a case where a druggist abuses the privilege conferred by the permit, and proceeds to keep intoxicating liquors

in his drug store for sale as a beverage, he is not guilty of maintaining a nuisance, or, rather, that such nuisance cannot be enjoined by a court of equity. Counsel has cited no authority to sustain this ground of their contention, and it is, in our opinion, needless to add that no case will support any such theory. It must be self-evident that no permit to exercise a lawful privilege can ever be invoked as an excuse or shield for the commission of unlawful acts under cover of such permit.

Counsel invites the especial attention of the court to the following language, found in section 7605, supra: "The finding of such intoxicating liquor or liquors on such premises shall be prima facie evidence of the existence of the nuisance complained of." This language has reference to intoxicating liquors found by an officer empowered to search for the same under a warrant, which, in this class of cases, may be issued in connection with a temporary injunctional order. In the case at bar no such warrant appears to have been issued; hence no liquors so seized were or could be used in this case as evidence that the defendant is guilty of maintaining the nuisance complained of. But counsel contends that the action cannot be sustained, because section 7605 of the statute permits the warrant to issue in any case brought under said section, and, when the liquor is found on the premises, that the same is, under the statute, prima facie evidence of the existence of the nuisance. Counsel inveighs against this statute as "abhorrent to the legal mind." Counsel points to the fact that the liquor which the druggist is permitted to have in his possession, when found on his premises by an officer, is, under the statute, prima facie evidence against the druggist. From the apparent harshness of the statute, counsel would have the court infer that the statute was not intended to apply to the case of a druggist. But it may be said that this entire statute is one peculiarly drastic in its provisions. Whether the statute is wise or unwise, mild or severe, is not, however, a question upon which the courts are required or expected to pass. But the particular provision now under consideration—that which makes the finding of liquor upon the premises evidence of the existence of the nuisance—is, in our opinion, less severe than some of the other features of the law. The liquor so found cannot be used as evidence against a druggist in a criminal prosecution or in a criminal contempt proceeding against such druggist. See section 7614. On the contrary, liquor kept by a citizen for strictly private and lawful uses may be used against him in any criminal action or contempt proceeding when the same is found in his dwelling house, if the owner of such liquor happened to reside in a store or tavern. This feature not only illustrates the severe character of the statute, but it further shows that the druggist under the statute is dealt with more leniently than the citizen who does not hold a permit. The druggist, of course, has, under this statute, no greater right to keep liquor in his store than the private citizen has to keep it in his dwelling house for lawful purposes. Nevertheless, the law discriminates in

criminal . prosecutions in favor of the druggist and against the citizen who is not a druggist. Section 7614. The statute from which we have quoted above has reference only to evidence in a civil action in which the court has power only to abate a nuisance and enjoin the same. In such an action the court, in its final judgment, can impose no criminal penalties whatever. Nor can such liquor be seized by a warrant, or used as evidence, until it is first made to appear by affidavit that liquor is upon certain specified premises, and that the same is there being used unlawfully.

But section 7605 further provides that an officer under a search warrant, who finds such liquor on premises described in the warrant, is required to take the same into his custody, and further required to take the personal property there found .into his custody; and finally the officer is commanded to take possession of such premises, and to hold possession thereof, and of said liquor and personal property, until "final judgment" is rendered in the action. With reference to these provisions counsel contend that a mischievous person, acting from malicious motives, might falsely accuse a reputable druggist of maintaining a nuisance in his drug store, and thereby might institute proceedings under the statute which would result in closing up the store, and destroying the business there being conducted. We concede that such a result is possible, but we apprehend that the possibility of an abuse cannot operate to defeat any constitutional measure of governmental control enacted by the sovereign will. It is, of course, possible that any citizen may be maliciously and falsely accused of crime, and be arrested and imprisoned in consequence of such false accusation. Such things have happened. But no one would think of repealing the Code of Criminal Procedure in view of such a possibility; much less should a court, by mere interpretation, annul plain provisions of the statute, merely because the statute is severe in its requirements, or may possibly be used for purposes of oppression in exceptional cases. But counsel further say that this statute cannot apply to any nuisance in a drug store kept by a licensed druggist because it might happen—although it did not in this case—that a druggist whose liquors and premises are seized under a search warrant would necessarily be compelled to await the trial and final judgment before he could have an opportunity to apply to the court for a restoration . of his property. If this is the true interpretation to be placed upon the statute, it might certainly, in exceptional cases of abuse, operate harshly, and perhaps oppressively; but, if it did so operate, we are clear that this would be a matter for legislative consideration and correction. It is our opinion, however, that no such vexatious delay in applying for the restoration of the property is necessary in any case. In cases arising under this statute, where property is seized and held by an officer under a search warrant, the officer so holding the property acts entirely under the instructions of the court sitting in an equity case. Actions brought under section 7605

of the Revised Codes are in all their phases and aspects actions brought for equitable relief. The statute, it is true, provides certain machinery which is peculiar to this law, and which the legislature has devised to further the purposes of the law; and the statute also has, under the police power, by its very terms defined a nuisance which before its passage was not a nuisance at common law, in legal contemplation. But this statute has not attempted to limit any power which, under established procedure, obtains in courts of chancery. Nor does it follow that, because the statute is silent, a suitor in such a case may not resort to any procedure adapted to the exigency of his case, provided the same is a procedure which is established, and has the sanction of courts of equity. All equity procedure, therefore, adapted to the needs of a suitor in such a case as this, would. be available to a druggist or to any suitor whose property had been seized under an interlocutory order issued in an action brought to abate a common-law nuisance. It must follow that the statute which declares that such officer, having the custody of property seized under a search warrant, holds such property as the mere instrument of the court, and that the provisions which require him to hold possession until "final judgment" must be limited, so as to confine their operation to cases in which the court does not revoke or modify the warrant under which the seizure is made. If the court, by an order *pendente lite,* directs its officer to restore such property to its owner, the mandate of the statute would not, in our opinion, be further obligatory upon the officer, because in such a matter the officer acts wholly upon interlocutory orders and instructions, and these are subject to judicial modifications from time to time. It is true that under section 7605 courts of equity in this state have been coerced by the terms of the statute in such a way as to make it mandatory upon the court to issue a temporary injunction and a search warrant in all cases arising under the section wherein the prescribed showing is made in the complaint and by way of affidavit, and under said section the requirement that the officer shall take and hold possession if he finds intoxicating liquors is also mandatory. But the statute goes no further. It does not deprive the court of power to direct the restoration of property upon a showing that it has been seized and is held under a mistake of fact. Such action may be taken by a court pursuant to an order to show cause, and can be speedily brought to a hearing ,either in term time or vacation. Nor can this court assume that any chancellor would permit the business of a druggist, when lawfully conducted, to be broken up or long embarrassed, if it appeared upon such hearing that his store and goods had, by an order of court, been seized and were held under a mistake of fact. In brief, our conclusion is that the District Court has jurisdiction to abate and enjoin the nuisance which the court in its findings declared had been established and was being maintained by the defendant in his drug store. The findings of fact are emphatic and full, and are broadly to the effect that the defendant is guilty of maintaining a nuisance in his drug

store. Under the facts contained in the record, we shall be compelled to direct the trial court to reverse its judgment herein, and to enter a judgment in favor of the plaintiff for the relief demanded in the complaint; and such will be the order of this court. All the judges concurring.

BARTHOLOMEW, C. J. I concur in the result, but, as to the last point, not upon the ground stated in the majority opinion. I do not believe it was ever intended by the legislature that a court should inquire into the truth of the averments contained in the affidavit upon which the warrant for search and seizure of property and premises is based until the final hearing. It is clear that the fact thus involved must be the controlling fact in the main case every time; and if this fact can be determined upon motion to discharge the property or premises seized, then, in effect, the case can always be tried upon affidavits. True, these actions to abate nuisances are in courts of equity, but the procedure is detailed with particularity. The statute is careful to point out how premises may be released. I think that method exclusive. The officer is not directed to seize and hold property until the further order of the court, but "to abide the final judgment in the action." When the provisions prescribed by the statute have been fully met, the result announced by the statute must follow. I am aware that this construction makes the statute exceedingly drastic, but I cannot find that any constitutional guaranty is violated.