Security Improvement Company, *et al vs.* Cass County.

Opinion filed November 10, 1900.

**Appeal—Retrial Not Demanded in Statement.**

This action is brought to quiet title to plaintiff's real estate, and plaintiff is seeking to annul certain taxes assessed against said real estate, and to cancel certain tax sales thereof. The case was tried to the court, and the trial court filed its findings of fact and conclusions of law; and pursuant thereto judgment was entered canceling some of said taxes and tax sales, and adjudging that other taxes and tax sales involved were in all respects valid and regular. Plaintiff has appealed to this court from such judgment. A statement of the case was settled in the trial court, wich contained all the evidence; but such statement did not embrace a demand for a retrial in this court of the entire case, or of any fact in the case. *Held*, that this court is, under

section 5630, Rev. Codes 1899, precluded from a retrial of any fact in the case, nor can this court consider the evidence for any purpose.

**No Demand for Retrial of Any Fact—Affirmance.**

There was some oral evidence submitted to the trial court, but the major part of the evidence consisted of records and other matters relating to the assessment and levy of the taxes, and to the validity of the tax sales. All of the evidence not oral was stipulated to be correct by counsel, and the same is undisputed evidence. Appellant's counsel bases his contention in this court upon the evidence, and argues that upon such undisputed evidence the trial court erred in concluding, as an ultimate fact, that the taxes now involved were lawfully assessed and levided, and erred in its conclusion that the tax sale here involved was a valid sale. *Held* that, inasmuch as counsel has not demanded a retrial of the facts or of any fact in issue, this court is precluded from considering the evidence to ascertain whether the trial court did or did not err in its findings of ultimate fact.

**No Specification in Statement.**

Counsel has not called the attention of this court to any error appearing upon the face of the judgment roll proper. Accordingly, *held,* that the judgment, which is presumptively valid until the contrary appears, must be affirmed.

Appeal from District Court, Cass County; *Pollock,* J.

Action by the Security Improvement Company and others against Cass County. Judgment for defendant, and plaintiffs appeal. Affirmed.

*J. E. Robinson,* for appellants.

*Morrill & Engerud,* for respondent.

WALLIN, J. This action is brought to quiet the title to certain parcels of land situated in the city of Fargo. The plaintiff owns the fee ,and the real purpose of the action is to cancel certain taxes or apparent taxes charged against the land in the years 1892 to 1898, inclusive, and also to vacate certain tax sales of the land, made upon such taxes. Defendant answered the complaint. The answer alleges in substance that all of said taxes and tax sales were regular and in all respects valid. The action was tried to the court and submitted for its determination, whereupon the trial court made and filed findings of fact and conclusions of law whereby it was adjudged that some of the tax levies and some of the tax sales in question were illegal and void, and that others involved were in all respects valid levies and sales; and judgment was directed to be entered pursuant to such findings, and judgment was entered accordingly. The plaintiff has appealed to this court from all parts of said judgment which are adverse to the plaintiff. Defendant has not appealed.

A statement of the case embracing all of the evidence offered at the trial was settled and allowed, and the same has been incorporated with the judgment roll and transmitted to this court. The statement omits to include any demand of a retrial in this court either of the entire case or of any specified fact in the case. The procedure which was had in the action in the court below was necessarily

governed by section 5630, Rev. Codes, 1899. But the party appealing had under said section an election, and could determine for himself whether the entire case or some fact therein should be retried in this court, or, on the other hand, whether this court should be precluded from retrying any question of fact in the case. By not demanding a retrial of any fact in this court the appellant has under the express provisions of said section, as well as under the repeated decisions of this court, deprived this court of all power or right to examine the evidence or retry any question of fact in the case. Section 5630, supra; *Bank* v. *Davis,* 8 N. D. 83, 76 N. W. Rep. 998; *Hayes* v. *Taylor,* 9 N. D. 92, 81 N. W. Rep. 49; *Nichols* v. *Stangler,* 7 N. D. 102, 72 N. W. Rep. 1089; also, case decided at this term,—*State* v. *McGruer,* 9 N. D. infra, 84 N. W. Rep. 363. And where we are precluded from a retrial of any fact the mandate of the section above cited is that all questions of fact "shall be deemed on appeal to have been properly decided by the trial court."

Counsel for appellant has filed a brief in this court, in which he repeatedly calls attention to the evidence in the record, and attempts to point out wherein the trial court, as counsel claims, erred or was mistaken in finding the facts which that court found as ultimate facts, and included in its findings of fact. Counsel calls attention to the fact that it appears that the evidence submitted below is undisputed, and was in fact stipulated by counsel, except as to the testimony of one witness who testified for the plaintiff. Counsel now urges this court to look at the evidence, and claims that upon an examination of the evidence this court will not fail to deduce ultimate facts therefrom which will differ radically from those deduced by the trial court. But, on the other hand, counsel for the respondent has, in his brief, called the attention of the court to the same evidence, and argues in his brief that the trial court was fully justified by the evidence in making the findings of ultimate fact which were filed in the court below. Counsel asserts in his brief that there is no question of evidence in the case. It is, however, manifest that counsel for the appellant is seeking in this court to alter and reverse the findings of fact made below; and, to accomplish this object, counsel urges that the undisputed evidence—embracing a mass of stipulated evidential facts—will, upon a proper consideration thereof by this court, lead to a reversal of the findings and judgment. But in the case at bar it has been seen that this court is precluded from a trial of any of the facts embraced within the issues. Nor can this be different in a case where the evidential facts were stipulated, and, as stipulated, were presented to the trial court. It appears that despite the stipulation the trial court found the ultimate facts to be quite different from those which counsel for plaintiff would deduce from such evidential facts. It was the province and duty of the trial court to weigh and consider all the evidence, excluding that which was incompetent, and from the evidence deduce the ultimate facts upon all the issues involved. See *Gull River Lumber Co.* v. *School Dist. No. 39,* 1 N. D. 500, 48 N. W. Rep. 427. It must

follow from what has been said that this court is precluded not only from a retrial of any facts in issue, but from any consideration of the evidence offered in the court below and embraced in the statement. Upon this record, therefore, we are to consider the statutory judgment roll, and nothing more. Counsel for appellant is not in a position to attack the findings of fact, and our attention is not called by counsel to any conclusion of law, as embodied in the findings, which is claimed to be unwarranted by the facts as found and filed in the District Court. Every legal presumption is in favor of the regularity and validity of the judgment entered in the court below, and hence we shall be compelled to direct an affirmance of the judgment. All the judges concurring.

### ON PETITION FOR REHEARING.

In this action counsel for the appellant has filed a petition in this court which embraces a variety of features. Counsel asks—First, that this court shall grant a reargument of the case in this court; and, secondly, if the reargument is denied, that this court will remand the record to the District Court, to enable counsel to apply to that court for leave to incorporate a new feature in the statement of the case; thirdly, if the last-mentioned request is denied, counsel asks that the appeal be dismissed without prejudice to another appeal; and, finally, counsel asks, if each and all of his said requests are denied, that counsel may be permitted to amend, under section 5625, Rev. Codes, to cure the radical defect now existing in the statement of the case. Counsel contends with his accustomed vigor and earnestness that he should be permitted to reargue the case for the reason that the point upon which this court has decided the case was not suggested on the argument either by counsel or by any member of the court, and this ground is true in point of fact. But it appears in the original opinion that this court affirmed the judgment of the court below solely upon the ground that this court, upon this record, was not only without lawful authority to consider and determine the facts anew, but was further, under section 5630, Rev. Codes, commanded in such a case to rule that the facts as found and decided by the court below were "properly decided." It therefore appears that in the case at bar the court was, under the express terms of an unambiguous statute, forbidden to sit as a trial court to hear the evidence and determine the facts. This being the law of the state, this court is bound by it; nor can authority to try any case on the evidence *de novo* be conferred, either by amicable arrangements between counsel, or otherwise than as the law directs. Upon this point, see *Montgomery* v. *Harker* (decided at this term), 84 N. W. Rep. 369; also, *Thuet* v. *Strong*, 7 N. D. 545, 75 N. W. Rep. 922, and cases cited in the original opinion in this case. It is true, this court did not at the argument call attention of counsel to the omission in the statement of any demand for a retrial of the facts. This omission cannot operate, however, to confer lawful

authority to try a case anew when the state of the record would render a retrial unlawful. The court, had it known of the omission, would most certainly have put a stop to the argument, and this for the reasons already stated. The point is one which cannot be waived by either court or counsel. The petition admits that the statement does not in express terms contain a request either for a retrial of the entire case or of any specified fact in the case, but counsel strenuously urges that a request for a retrial is substantially made in the statement. If this claim was supported by the facts, the petition to reargue the case would, of course, be granted. But repeated examination of the statement as made by each member of this court only serves to strengthen our unanimous conviction that no such demand is in any manner made in the statement. Counsel calls attention to a paper found in the statement which is headed "Assignment of Errors," and insists that the contents of this paper should be construed as a request for a retrial upon the evidence of the points enumerated in the paper, which are four in number. Upon this point we remark, first, that an assignment of errors occurring at the trial, or a specification of particulars wherein the evidence fails to justify the findings of fact, is alike inappropriate and confusing in a case tried under section 5630, which is brought to this court for a retrial of the facts. In such cases this court, under an innovation in the practice made by that statute, does not sit as a court of review to correct errors in ruling or findings of fact made by the trial court. On the contrary, we sit in such cases as a trial court, to consider the evidence, and determine the facts anew; and in this class of cases counsel should therefore embody their points in their briefs, and to call the attention of this court to erroneous rulings made below by assigning a list of errors in the statement is worse than useless. See *State* v. *McGruer* (decided at this term), 84 N. W. Rep. 363. But the assignment of errors embraces no request to retry any question of fact. The first and second errors assigned are as follows: "(1) In the year 1893 the assessment was void because that said tracts were assessed as one tract, and not as two tracts. Each tract should have ben assessed separately. (2) In the years 1893, 1894, and 1895 the assessment was void, because that in said years the records of the county commissioners failed to show that they held any session as a board of equalization." It is manifest that the first error alleged consists in the erroneous ruling of the trial court in holding as a legal conclusion on the undisputed facts that the assessment was legal and valid. The second is like the first. The error complained of is that the trial court held that the equalization was legal and valid upon the facts stated, none of which are disputed. These assignments are illustrative of the other two assignments of error. It is therefore patent by the assignments themselves that counsel has pointed out to this court certain conclusions of law made by the trial court which were based upon the evidence submitted to the trial court. These conclusions of law are characterized as erroneous. But the question now is whether

this court has been lawfully requested to try anew any question of fact in the case. To this question we are compelled to give a negative answer. Upon this branch of the petition we will only reiterate what was said in the opinion,—that counsel has assigned no error in this court predicated upon the findings actually made and filed by the District Court in this case, and hence we shall give the judgment of the District Court the benefit of the prima facie assumption that the same is in all respects valid. Nor can this appeal be dismissed upon a mere *ex parte* application therefor, made after the case has been submitted and decided, and after a petition for a reargument has been denied. The application obviously comes too late.

The remaining requests of the petition must also be denied. The case next cited below is squarely on all fours with the case at bar. See *Ricks* v. *Bergsvendsen,* 8 N. D. 578, 80 N. W. Rep. 768. In the opinion in that case this court said: "The case was tried under chapter 5 of the Laws of 1897, and is governed by its provisions, which are unambiguous and simple in their requirements. The mandate of the statute is explicit and inexorable. The statement itself must contain the specifications as above indicated, and this court so held in *Bank* v. *Davis,* 8 N. D. 83, 76 N. W. Rep. 998. Nor does the statute admit of a construction to the effect that the required specifications can be incorporated either in a notice of appeal or in a judge's certificate, as was attempted here. Such is not the language of the statute. A simple observance of the provisions of the statute of 1897 in making up the record sent to this court would have insured a retrial of the action in this court upon the merits; but, upon the record as it exists, no review of the case upon the evidence can be had without a violation of the existing law, permitting this court to sit as a trial court in certain cases only. The exceptions filed below were wholly superfluous, and could not be considered in this court, even if the whole case could be reviewed. See *Bank* v. *Davis,* supra." In the Ricks Case, as in this, counsel, in a petition for a rehearing, urged this court to grant an opportunity for amending the statement under the provisions of section 5625, Rev. Codes. In denying such request this court used language which is directly applicable to the facts here. We said: "Counsel cites section 5625 of the Revised Codes, and claims that under said section it is the duty of this court to transmit the record, with a view to the perfection of the appeal, and to make the same effectual. But counsel in this case is not seeking to perfect the appeal or to make it effectual. The validity of the appeal is not at all involved in any object which counsel is seeking to attain. The citation is therefore not in point. The petition for a rehearing and the said request of counsel are denied. The other judges concurring." The petition is in all respects denied. All the judges concurring.