(84 N. W. Rep. 1117.)

---

FLORA B. DOUGLAS *vs.* GEORGE P. GLAZIER.

Opinion filed December 8, 1900.

**Appeal—Review—Questions of Fact.**

This court is without jurisdiction to retry issues of fact in cases tried below under the provisions of section 5630, Rev. Codes, unless the statement of the case declares that the appellant desires some specified issues of fact retried, or that he desires a review of the entire case, and such specification contained in the notice of appeal is ineffectual to confer upon this court jurisdiction to retry issues of fact.

Appeal from District Court, Cass County; *Pollock, J.*

Action by Flora B. Douglas against George P. Glazier. Judgment for plaintiff. Defendant appeals.

Affirmed.

*J. E. Robinson,* for appellant.

The state tax levy was void because the board of equalization had no power to levy the same; such a levy is the exercise of legislative power which may not be delegated. *Willis* v. *Austin,* 53 Cal. 178; *Harper* v. *Rowe,* 54 Cal. 235; *Houghton* v. *Austin,* 46 Cal. 648; § § 174 and 175 Const. The state levy was made under section 1216, Rev. Codes, which provides that the state board of equalization shall decide upon the rate of the state tax to be levied for the current year,—a clear delegation of legislative power. The sales for the year 1896 were not authorized by law; they were made under the revenue law of 1897, which contemplates sales only for taxes levied under that law. Chap. 126, § 74, Laws 1897. Section

77 gives the form of all certificates to be issued on the sale of lands for taxes. The form recites that the land was sold for delinquent taxes. A certificate of sale to be valid, must show on its face that the land was sold for delinquent taxes. *Sheehy* v. *Hinds,* 27 Minn. 259, 6 N. W. Rep. 781; *Sherbourne* v. *Ritte,* 35 Minn. 540, 29 N. W. Rep. 322; *Gilfillan* v. *Chatterton,* 38 Minn. 335, 35 N. W. Rep. 583. The sale was void because not made under the direction of the board of county commissioners and because the notice of sale was not published in a newspaper designated by the county commissioners. *Cass Co.* v. *Security Improvement Co.,* 7 N. D. 528; *Russell* v. *Gilson,* 36 Minn. 366, 31 N. W. Rep. 692.

*W. J. Clapp* and *Morrill & Engerud,* for respondent.

Section 174 of the Const. directs that the legislative assembly shall provide for raising revenue sufficient to defray the expense of the state for each year. By the enactment of § 1216, Rev. Codes, the legislature provided for the raising of revenue. The California constitution expressly provides that no power to levy taxes can be delegated. Const. of Cal., Article 2, § 12; Black, Tax Titles (2d Ed.) § 26. This is not true in North Dakota. These tax sales were made under chapter 126, Laws of 1897. Sections 73, 74, 75 and 76 of this chapter authorized such sales. The fact that the act, chapter 126, repeals the previous law for the sale for delinquent taxes shows that the legislature intended said section to apply to preceding taxes. *Gull River Lumber Co.* v. *Lee,* 7 N. D. 138; *State* v. *Moorehouse,* 5 N. D. 406.

BARTHOLOMEW, C. J. This is a statutory action to determine adverse claims to real property. The plaintiff claims as the owner of the fee, and the defendant claims under tax sales made in 1897 for the taxes of 1896. The trial court held the taxes and the tax sale valid, and the plaintiff appeals.

We find the record on appeal in this case practically identical in all its essential features with the record in *Security Imp. Co.* v. *Cass Co.,* 9 N. D. 553, 84 N. W. Rep. 477. We have the pleadings, a statement of the case embodying all the evidence offered at the trial, and it is all in the form of a stipulation of counsel, the findings of fact made by the trial court, its conclusions of law, and the judgment. In the statement of the case appellant specifies no issue of fact that he wishes this court to retry, nor does he ask a retrial of the whole case. We are therefore bound by the express terms of section 5630, Rev. Codes, to hold that every fact found by the trial court was correctly found. We are without jurisdiction to retry any issue of fact. See *Security Improvement Co.* v. *Cass Co.,* 9 N. D. 553, 84 N. W. Rep. 477, and the authorities there collected. Nor is there any claim made in this case that the conclusions of law and judgment are not warranted by the findings of fact. We have nothing to review. True, in his notice of appeal appellant asks this court to retry the issues of fact as to the legality of the taxes for 1896 and the

sale thereunder. This court has twice heretofore ruled that such statement in the notice of appeal is entirely ineffectual. *Ricks* v. *Bergsvendsen,* 8 N. D. 578, 80 N. W. Rep. 768; *Hayes* v. *Taylor,* 9 N. D. 92, 81 N. W. Rep. 49. That the statement of the case must specify the particular issues of fact that appellant desires this court to retry, or that he desires a retrial of the entire case when such is the fact, has been iterated by this court until it has become monotonous. The matter is jurisdictional. Counsel cannot waive, it, nor can this court. If cases are to be tried anew upon the facts in this court, it can only be done by compliance with the statute that gives this court, sitting as an appellate court, that unusual power. The judgment of the District Court is affirmed. All concur.

## PETITION FOR REHEARING.

Counsel makes a vigorous protest by way of a petition for rehearing against the manner in which the court has construed the abstract in this case. But, from a careful reconsideration of the abstract, we are of opinion that counsel's criticisms are misplaced. The abstract recites that "the statement of the case, as settled and allowed, shows affirmatively that it contains all the evidence which was offered or submitted on the trial of the case." It then proceeds to set out the entire testimony. This course was consistent only with a purpose to obtain a retrial on the facts. But, as the statement of the case as printed did not indicate for what purpose the appeal was taken, we went to the record, and there found, as stated in the opinion, that in his notice of appeal appellant expressly demanded a retrial of certain issues of fact. While this demand, under the statute, was nugatory by reason of its place in the record, yet it served to indicate what was in the appellant's mind, and for what purpose the appeal was taken, and the purpose so indicated was entirely consistent with the manner in which the statement had been prepared. The court decided the case on the line thus indicated by the statement, and was entirely warranted in so doing. Now, however, counsel urges that he never desired a retrial of any fact issue, but only the review of certain law questions. Since, concededly, the facts are properly found, the errors, if any, must necessarily consist in making some improper or unwarranted deductions from such findings of fact. But we cannot consider these questions because none of the findings of fact are presented in the abstract. True, there is in the abstract an assignment of errors in the following words: "The court erred in sustaining the sales for the taxes for the year 1896, for reasons as follows: (1) The state levy was void. It was an exercise of legislative authority, and the state board of equalization had no authority to levy the tax. (2) The sales were made before the tax became delinquent, a year prior to the sales for the year 1895, and they were not made under the direction of the board of county commissioners. (3) The county commissioners did not designate a newspaper for the publication of delinquent tax list; there was no newspaper called the 'Fargo

Argus.' (4) The sales for the tax of 1896 were not authorized by law." But we do not know that these things are in any manner in the case. We cannot officially look at the testimony, and there are no findings before us. True, in connection with his petition for rehearing, appellant presents a copy of the findings. But the record on appeal cannot now be made for the first time, and such findings must be disregarded. In answer to the contention that no findings of fact could have rendered a sale for the taxes of 1896 legal, it is sufficient to say that the practice in this respect must be uniform. If we hold that the conclusions are not supported by the facts found, without having the facts before us, in one case, we must do so in every case, when so required. No such practice is possible. While it is always a matter of regret to this court that it must ignore the merits of an appeal, yet that regret is much tempered in this case by the fact, that first develops in this petition for rehearing, that this is entirely a "friendly" case, and that no costs are to be taxed against either party in any event. Petition denied.

(84 N. W. Rep., 552.)