NATIONAL CASH REGISTER COMPANY *vs.* CHARLES E. WILSON.

Opinion filed November 24, 1899.

**Trial De Novo—Statement of Case—Specifications.**

> A trial de novo cannot be accorded in this court when the record does not contain a statement of the case as provided for in section 5630, Rev. Codes, as amended by chapter 5 of the Laws of 1897, and having embodied therein the specifications required by said section.

**Foreign Corporation May Sue.**

> A foreign corporation which has not complied with sections 3261, 3263, Rev. Codes, by filing a copy of its articles of incorporation in the office of the secretary of state, and by appointing the secretary of state as its agent for the service of process, may nevertheless maintain an action in the courts of this state.

Appeal from District Court, Cass County; *Pollock,* J.

Action by the National Cash Register Company against Charles E. Wilson. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Arthur B. Lee,* for appellant.

*D. H. Fisk,* for respondent.

YOUNG, J. This is an action in claim and delivery, brought in the District Court, to recover the possession of a cash register of which plaintiff claims to be the owner. The case was tried to the court without a jury. Judgment was ordered and entered for plaintiff. Defendant appeals from the judgment, and evidently for the purpose of having a retrial upon the merits in this court, as appears from a statement to that effect in the brief of appellant's counsel. This cannot be accorded upon the record presented. The action was tried under section 5630, Rev. Codes, as amended by chapter 5 of the Laws of 1897. There appears in the record presented to this court no statement of the case, and no specifications of any particular facts to be reviewed. Neither has appellant specified that he desires a retrial of the entire case. This court has repeatedly held that in the absence of a statement of the case settled in pursuance of section 5630, as amended, and having embodied therein the specifications required by said section, this court is without authority to try the case *de novo. Bank* v. *Davis,* 8 N. D. 83, 76 N. W. Rep. 998; also, *Ricks v. Bergsvendsen,* 8 N. D. 578, 80 N. W. Rep. 768; *Erickson* v. *Bank,* 9 N. D. *infra,* 81 N. W. Rep. 46; and *Mooney* v. *Donovan,* 9 N. D. *infra,* 81 N. W. Rep. 50, decided at the present term.

Under these conditions, our authority to re-examine is confined to such intermediate orders or determinations of the trial court as involve the merits, and necessarily affect the judgment, and appear upon the face of the record transmitted to this court. Section 5627, Rev. Codes. Turning to the judgment roll, we find it em-

braces the complaint, an answer, and a demurrer to one of the defenses set up in the answer, an order sustaining the demurrer, order for judgment, and judgment. The record, then presents for review the correctness of the order sustaining the demurrer, and that question only. In the defense demurred to, the defendant alleges that that plaintiff had not complied with the provisions of sections 3261 and 3263 of the Revised Codes, with reference to filing a copy of its articles of incorporation or charter in the office of the secretary of state, and had not appointed the secretary of state as its agent for the service of process, as required by said sections, and for that reason cannot maintain this action. This court has had occasion to consider the question presented by this defense in three previous cases, and, after an exhaustive examination, the right of a foreign corporation, which has not complied with the requirements of the statutes referred to, to maintain actions in the courts of this state on an equal footing with resident persons and corporations, was upheld, and is now settled law. *Mill Co.* v. *Bartlett,* 3 N. D. 138, 54 N. W. Rep. 544; *Red River Lumber Co.* v. *Children of Israel,* 7 N. D. 46, 73 N. W. Rep. 203; *Savings & Loan Co.* v. *Shain,* 8 N. D. 136, 77 N. W. Rep. 1006. The demurrer was therefore properly sustained. No error appearing in the record, the judgment of the District Court is affirmed. All concur.