(86 N. W. Rep. 108.)

---

UNITED STATES SAVINGS & LOAN CO. *vs.* RODERICK D. McLEOD.

Opinion filed May 2, 1901.

**Appeal—New Trial—Statement—Evidence—Certificate—Conclusiveness.**

In this action plaintiff recovered a judgment after a trial without a jury. Defendant caused a statement of the case to be settled, in which a trial anew in this court is demanded. The trial judge appended a certificate to the statement to the effect that the same embodied all the evidence and exhibits offered at the trial. At the trial, among other evidence offered and received were certain written documents, eight in number, which were respectively identified as exhibits. None of said exhibits were incorporated in the statement, nor did the same contain a copy or purported copy of said exhibits, or either of the same. The statement did embrace a reference to said exhibits, respectively, which was sufficiently specific to identify same, but as to some of the same no attempt was made in the statement to give even a version of their contents in a condensed form or at all. *Held*, that the evidence offered at the trial was not embodied in the statement as required by section 5630, Rev. Codes 1899, and that for this reason a trial anew in this court cannot be had in this action.

### Under Section 5630 All Evidence Must be Embodied in Statement of Case on Appeal.

Under said section all the evidence offered must be embodied in the statement, and this without reducing the same to a narrative form or condensing the same; nor is the trial judge, in settling a statement under said section, authorized to strike redundant, irrelevant, and useless matter therefrom.

### Judges Certificate Not Conclusive.

The certificate appended to a statement by the trial judge to the effect that the same embodies all the evidence is sufficient to establish the fact prima facie, but the same is not conclusive.

Appeal from District Court, Cass County; *Pollock, J.*

Action by the United States Savings & Loan Company against Roderick D. McLeod. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Tilly & McLeod,* for appellant.

*Benton, Lovell & Holt,* for respondent.

WALLIN, C. J. This action was tried in District Court without a jury, and judgment was entered in that court in favor of the plaintiff. Defendant has appealed to this court from such judgment, and in the statement of the case demands a trial anew in this court. Respondent's counsel move in this court for an affirmance of the judgment basing their motion upon the record. A statement of the case was settled in the District Court, to which statement the trial judge has appended a certificate to the effect that the statement contains "all the evidence offered, exhibits introduced, and proceedings had in the District Court," to the making of which certificate, however, an exception was taken by plaintiff's counsel, and the same was brought up on the record.

In support of the motion to affirm the judgment, counsel calls the Court's attention to the record, and particularly to certain exhibits, viz. Exhibits A, D, E, 67; also to Defendant's Exhibits D, E, and L. An examination of the record shows that said exhibits were offered and received in evidence at the trial, and the record discloses the further fact that none of the said exhibits are embodied in the statement of the case; nor does the statement embrace a copy, or a purported copy, of any of said exhibits. Each of the exhibits is referred to in the statement of the case, and the references are sufficient to identify the exhibits, and to indicate their character in a general way. In the case of some of the exhibits a reference is made to their contents, and a version is given of the substance of their contents, but this is not true of all of them. For example, all that is found in the statement about Exhibit E offered in evidence by the defendant is the following: "Defendant's Exhibit E is a prospectus issued by the United States Savings & Loan Company of St. Paul, dated July, 1893." Exhibit E, embracing this prospectus, is twice

referred to in the brief of appellant's counsel, and the attention of the Court is invited to a careful consideration of the same, as bearing upon the merits of the controversy. The record, as has been shown, falls short in some cases of showing, even in a condensed form, the substance of the contents of certain exhibits; and therefore the statement would, in our judgment, be insufficient as a statement of the case, if it were prepared under § 5467, Rev. Codes, which section has reference to statements framed in jury cases. But that section is not controlling in cases tried to the Court, except as to the formal matters of time and manner. In court cases the contents of the statement, its "structure and component parts," must conform to the requirements of § 5630, Rev. Codes 1899. Tested by the requirements of the section last cited, the statement in the case at bar is obviously insufficient. In this case counsel demand a trial *de novo* in this court, and in such cases the language of § 5630 is as follows: "But if the appellant shall specify in the statement that he desires to review the entire case all the evidence and proceedings shall be embodied in the statement." This section, unlike that which it amended, does not require or permit the reduction of the evidence to a narrative form. Much less does it allow an abridged version of the evidence to be substituted for the evidence itself. Nor does the section governing this class of cases sanction or permit the practice of incorporating in a statement the substance of the reporter's notes; nor does it authorize the trial court, in settling a statement, to strike from the same all irreleveant, redundant, and useless matter. These requirements are found in § 5467, but the same are omitted from § 5630, Rev. Codes, 1899. This court in *Bank* v. *Davis*, 8 N. D. 83, 76 N. W. 998, which was a court case, and one in which a retrial in this court was demanded, declined to retry the case, and in so doing said: "As has been seen, this cannot be allowed to the appellant, for the reason that it does not 'appear that all of the evidence is certified to this court, and it does appear affirmatively that only a version of the evidence offered at the trial is embraced in the statement of the case. This omission in the record precludes a trial of the entire case *de novo* in this court, and renders an affirmance of the judgment necessary." The construction of the statute as given in the case cited has been steadily adhered to by this court and frequently applied in latter cases. See *Erickson* v. *Kelley,* 9 N. D. 12, 81 N. W. 77. See, also, *Vassau* v. *Campbell,* (Minn.) 81 N. W. 829. In both of the cases last above cited it was held, in substance, that the certificate of the trial judge appended to the statement, to the effect that the same embraced all the evidence offered at the trial, was sufficient *prima facie,* but it was not conclusive in any case where the record itself showed to the contrary. The evidence offered at the trial not being before this court, we shall be compelled to grant the motion to affirm the judgment, and it will be so ordered. All the judges concurring.