(86 N. W. Rep. 709.)

---

AMELIA GEILS, *et al vs.* WILLIAM FLUEGEL.

Opinion filed May 2, 1901.

**Appeal—Affirmance—Defective Record.**

This action was tried in the District Court without a jury, and judgment was entered in favor of the intervener and the respondents. Contestants have appealed to this court from such judgment, and in their notice of appeal state that the appeal is taken from the judgment, and from the whole thereof. In the statement of the case appellants have demanded a trial anew in this court of the entire case. A motion was made in this court in behalf of the respondents to strike out the statement of the case and to affirm the judgment upon the ground that a mass of evidence, consisting of numerous papers numbered as exhibits, were offered and received in evidence in the court below, and that such evidence was not incorporated in the statement of the case, but was, on the contrary, wholly omitted from the statement. It appears upon the hearing of the motion, and the fact was conceded, that said evidence was offered and received below, and was not embodied in the statement.

Appeal from District Court, Cass County; *Sauter, J.*

Action by Amelia Geils and others against William Fluegel, Sr., and others. Hugh Wier intervened. From a judgment for defendants and intervener, plaintiffs appeal.

Affirmed.

*Taylor Crum* and *Ida M. Crum,* for appellants.

A conditional will may be denied probate. § 3646, Rev. Codes. A conditional disposition is one which depends upon some uncertain event by which it is to take effect or be defeated. § 3712, Rev. Codes. Permissive language is often construed as mandatory. *State.* v. *Kent,* 4 N. D. 577, 590; Black on Interpretation, 156;

*Cutler* v. *Howard,* 9 Wis. 309; *Bowman* v. *City,* 43 Minn. 115, 49 N. W. Rep. 68; Shouler on Wills, 290. Extrinsic evidence of testator's intentions cannot be received for the construction of a will. § § 3673, 3674, 3685, 3707, Rev. Codes; In re Carrand, 35 Cal. 336; In re Stevens Estate, 23 Pac. Rep. 379; Estate of Utz, 43 Cal. 200; *Bush* v. *Lindsey,* 44 Cal. 121; Estate of Wardell, 57 Cal. 484; Estate of Solomons, 40 Pac. Rep. 1030; *Smith* v. *Omstead,* 26 Pac. Rep. 521, 22 Pac. Rep. 1143. The statute of North Dakota is literally copied from the language of the California statute after the California statute had received judicial interpretation. It is presumed, therefore, that the enactment was made with knowledge of such interpretation, and that it was the design of the legislature that the act should be understood and applied according to that interpretation. *Sanger* v. *Flow,* 48 Fed. Rep. 154; *Nicollet Natl. Bank* v. *City Bank,* 35 N. W. Rep. 597; *Eberding* v. *McGinn,* 35 Pac. Rep. 178; *Westcott* v. *Miller,* 42 Wis. 481; *Kilkelly* v. *State,* 43 Wis. 607; *Fisher* v. *Dunning,* 60 Ill. 114. The intent must appear in the will and from the will alone. Jarman on Wills, 708; Redfield on Wills, 539. McFadden, being a party in interest, was not a competent witness. His evidence should have been excluded. § § 5652, 5653, 6198, Rev. Codes; *Duryea* v. *Granger's Estate,* 33 N. W. Rep. 730; *McCartin* v. *Traphagen,* 11 At. Rep. 156; *Gilder* v. *Braham,* 3 S. W. Rep. 309.

*Benton, Lovell & Holt,* for respondents.

The statement of the case does not contain all the evidence offered upon the trial. Therefore this court cannot retry the entire case. *Edmonson* v. *White,* 8 N. D. 72; *Farmers' Etc. Co.* v. *Davis,* 8 N. D. 83. The omission of children from the will does not destroy the probate of the will but affects only the distribution of the estate. § 3675, Rev. Codes; In re Barker's Estate, 31 Pac. Rep. 976; *Northrup* v. *Marquam,* 18 Pac. Rep. 449. Sections 3685 and 3707, Rev. Codes, apply only to uncertainties appearing on the face of a will, and to the correction of imperfect descriptions. It is held that the testator's intention need not appear upon the face of the will. *Willson* v. *Fosket,* 6 Metc. 400; *Converse* v. *Wales,* 4 Allen, 512; *Buckley* v. *Guard,* 123 Mass. 8; *Coulam* v. *Doull,* 9 Pac. Rep. 568, sustained in *Coulam* v. *Doull,* 133 U. S. 216; In re Atwood's Estate, 45 Pac. Rep. 1036.

WALLIN, C. J. This cause originated in the county court for the county of Cass, and the principal question upon the merits has reference to the probate of a certain document filed in the county court, which purported to be the last will and testament of one Justina Fluegel, deceased. This record shows that on the 24th day of July, 1899, a decree was entered herein in said county court adjudging, in effect, that said document purporting to be a will should be admitted to probate as such will. By the same order Julius W. Fluegel and William Fluegel (sons of the deceased) were appointed execut-

ors, and letters testamentary were awarded to them as such. From this decree plaintiffs appealed to the District Court for Cass county, and demanded a trial anew in said court. After the case had reached the District Court, said intervenor, Hugh Wier, applied for and obtained leave to intervene as a party to the action, and thereupon filed his complaint in intervention, and in his said complaint prayed for certain equitable relief in the matter of certain mortgages held by the intervener upon the real estate described in and devised by the terms of·said will. No answer or demurrer was ever filed or served to the said complaint in intervention, but during the progress of the trial of the action which was had in the District Court the intervener offered testimony in support of his complaint, and said testimony consisted in part of certain documents or exhibits, which were offered and received in evidence, and which were numbered from 5 to 14, inclusive. It is conceded that none of these exhibits were ever incorporated in the statement of the case, and that the same are not in the record transmitted to this court. The litigation in the District Court resulted in the entry of a judgment in that court, which, among things determined, affirmed the decree of the county court, from which an appeal was taken to the District Court as above stated. Said judgment also directed, in substance, that a satisfaction of a certain mortgage covering the real estate described in said will, which had previously been executed by the intervener, should be vacated and set aside; and said judgment of the District Court further directed that certain promissory notes executed by the legatees named in the will should be cancelled and surrendered, and that two certain mortgages upon said real estate, given to secure said notes, should also be surrendered and cancelled of record. The action was tried in the Distrcit Court without a jury, and the appellants, in their statement of the case herein, demand a trial *de novo* in this court of the entire case. When the case was called in this court a motion was interposed in behalf of the respondents to affirm the judgment of the District Court upon the ground that the record showed upon its face that said evidence of the intervener, consisting of a series of exhibits, and which had been offered and received in the District Court, had not been incorporated in the statement of the case, but had been omitted therefrom. The motion to affirm the judgment was opposed by counsel for the appellants, but the fact that said evidence of the intervener was never incorporated in the statement was conceded. Appellants' counsel, in opposing the motion, call attention to the fact that no answer to the complaint in intervention was ever served or .filed, and upon this omission counsel argue that an issue of fact was never joined in the action. But the record conclusively shows that an issue of fact was joined as between the petitioners and the contestants, and this fact, we think, brings this action strictly within the terms of § 5630 of the Rev. Codes of 1899, which section must, therefore, govern the procedure in the case. Said section provides as follows: "But if the

appellant shall specify in the statement that he desires to review the entire case all the evidence and proceedings shall be embodied in the statement." The provisions of this section have been frequently applied to cases coming to this court, and the practice is now well settled that this court is without power to retry, and will refuse to retry, a case where a trial anew of the entire case is properly demanded in all cases where it appears that the evidence offered in the court below has been omitted from the statement in whole or in part. *Edmonson* v. *White,* 8 N. D. 73, 76 N. W. 986. We do not find from the record that any stipulation or agreement in open court was ever made by counsel to the effect that the judgment, or any part of the judgment entered below was entered by consent, and certainly there was no oral statement made by counsel in this court to the same effect. The feature of the judgment which determines the rights of the intervener bears vitally upon the estate involved and the interests of all parties to the litigation. By its terms it deals with notes and mortgages, and directs that they shall be canceled and surrendered; and it also in terms vacates a certain satisfaction of a mortgage, and assumes to restore the mortgage so satisfied to its original vigor as an incumbrance upon the estate of the deceased; and, as has been seen, the judgment embraced a feature wholly independent of and apart from any of the matters affecting the rights of the intervener. This fact was before the appellants' counsel when the appeal was taken, and is supposed to have been considered by him in taking his appeal. It was entirely feasible to appeal from that feature of the judgment, and that only which relates to the probate of the will. The statute permits an appeal from a judgment either in whole or in part. Section 5606, Rev. Codes 1899. In this case the notice of appeal declared in terms that the appeal was from the judgment, and the whole thereof. The statement of the case, as prepared by appellants' counsel, also states in terms that the appellants desired a trial anew in this court of the entire case. It is, therefore, entirely clear that an appeal was taken from the whole judgment, and that this was done for the purpose of retrying the whole case in this court. The status of the case in this court with reference to procedure here is controlled by the statute, and the steps taken by the appellants in taking the appeal; and this status, being once established, cannot be changed or affected by what counsel for the appellants may say with reference to the objects and purposes of the appeal. If all the evidence were before us, it would be the duty of this court to retry the whole case, including the matter of the intervener's rights, and to direct the entry of a judgment disposing of all questions involved in the case. Nor would such judgment necessarily conform to the views or requests of counsel, even if counsel were in full accord as to what the judgment should be. We are required under the law to enter judgment in accordance with law and testimony, and in conformity to justice. Under the law and the estab-

lished practice this court is precluded from entering upon a consideration of the merits of the case, unless the evidence offered at the trial is contained in the record. In this case it is conceded that such is not the fact. The motion to affirm the judgment is granted, and it will be so ordered. All the judges concurring.