(86 N. W. Rep. 704.)

---

S. KIPP, *et al vs.* E. D. ANGELL.

Opinion filed May 3, 1901.

**Appeal—Affirmance—Insufficient Record.**

> This action was tried in the District Court without a jury, and from a judgment entered in defendant's favor the plaintiffs appealed to this court, and in the statement of the case the appellants have demanded a trial de novo in this court of all the issues in the case. A motion was made in this court to affirm the judgment upon the ground that certain documents offered in evidence in the District Court by the plaintiffs were not incorporated in the statement. It appeared, and was conceded, that said documentary evidence was offered at the trial, and that the same was omitted from the statement. Motion granted and judgment affirmed.

Appeal from District Court, Cass County; *Pollock,* J.

Action by S. and O. Kipp against E. D. Angell. Judgment for defendant, and plaintiffs appeal.

Affirmed.

*J. E. Robinson,* for appellants.

*Newman, Spalding & Stambaugh,* for respondent.

WALLIN, C. J. This action was brought to determine an adverse

interest in certain real estate described in the plaintiff's complaint. The case was tried below without a jury, and resulted in the entry of a judgment in the defendant's favor. From such judgment the plaintiffs have appealed to this court, and in the settled statement of the case the plaintiffs have demanded a retrial in this court of all the issues in the case.

When the case was called in this court, a motion was submitted in behalf of the respondent to affirm the judgment of the court below. The grounds of said motion, as stated in the moving papers, are as follows: "Now comes the respondent, and moves the court upon the record and proceedings herein to affirm the judgment of the District Court, for the reason that the statement of the case contained in the record shows upon its face that it does not contain all the evidence offered upon the trial material to the questions raised by appellants upon this appeal, and affirmatively shows upon its face that in place of such evidence it does contain a statement of counsel, substituted therefor, as to the nature and effect of such evidence." In the brief submitted upon the motion by counsel for the respondent the attention of the court is directed to certain matter appearing in the statement of the case, which matter is as follows: "The plaintiffs then offered in evidence the verification which the assessor attached to the assessment book of the town of Berlin for the year 1886 for the purpose of showing that the assessor failed to attach to said book an affidavit as required by statute. From said book it appeared that the assessor subscribed a document in the form of the affidavit prescribed by section 1551 of the Comp. Laws, and that the subscription and jurat were as follows: 'Thomas Spencer, Assessor. Subscribed and affirmed before me, this 30th day of June, 1886. S. M. Edwards.' That said jurat was not signed officially, and it fails to show that said S. M. Edwards was an officer authorized to administer an oath. And from said book it appears that no other affidavit was attached to the assessment book. The defendant objected to this evidence as irrelevant, incompetent, and immaterial. * * * The plaintiff then offered in evidence the tax list of Cass county for the year 1886,—that is, the tax list of the town of Berlin, in Cass county, —for the purpose of showing that the warrant annexed to the same was not under seal. And from an inspection of said list it appears that no warrant is annexed to the same under the seal of the county commissioners of Cass county, or under any seal whatever. The defendant objected to this evidence as incompetent, irrelevant, and immaterial. * * * The plaintiffs then offered in evidence the newspapers, which have been produced from the office of the county treasurer, so far as the same pertains to the land in question, for the purpose of showing that in publishing said tax list for the year 1895 the land in question was described as follows: 'Und qr nw qr 25 141 50.' Objected to as incompetent, irrelevant, and immaterial, and for the reason that no foundation has been laid for its admission. That is the exact description as given in said newspaper. The plaintiffs offered

in evidence the tax list as published for the year 1886, pertaining to the property in question, which is therein described as follows, opposite the name of W. H. Berry: "¼ int of n hf sec 25 t 141 5 50." The above and foregoing matter, which we have copied verbatim from the statement of the case, shows that at the trial in the District Court certain documents and papers relating to the validity of alleged taxes upon the land in question were offered in evidence in plaintiffs' behalf, and that when such offers were made counsel for the respondent interposed certain objections to such evidence, which objections were noted and brought upon the record. These excerpts from the record show also, that when such evidence was offered, counsel for the plaintiffs who tried the case below made certain statements concerning the purpose for which the evidence was offered by him, and also statements in which counsel assumed to state what facts the documents offered in evidence did show and prove. These statements of counsel are preserved in the rcord, and they constitute a part of the proceedings had at the trial, and as such they are now properly before this court for consideration. Nor do counsel for respondent seek to exclude these statements of plaintiffs' counsel from the record; but the contention is that these statements do not rise to the rank of evidence, inasmuch as they were not given under oath, nor were they offered as testimony at the trial. The evidence actually offered, as shown by the record, consists of the following items: (1) The verification attached to a certain assessment book; (2) the tax list of the town of Berlin, in Cass county, for the year 1886; (3) certain newspapers, so far as their contents pertain to a description of the land in question; (4) the tax list, as published in the year 1886, as pertaining to the description of the land in question. It is conceded that said documentary evidence is omitted from the statement of the case, and that the same is not embraced in the record transmitted to this court. Nor is it pretended that this evidence was omitted from the statement pursuant to any stipulation of counsel. In opposing the motion to affirm, appellants' counsel contended that said statements made by him as to the evidence, when the same was introduced, as to its probative force and effect, were made in open court, and in the presence of the defendant's counsel, and hence that the same, in the absence of any countervailing testimony, must be regarded as establishing the facts as claimed by appellants' counsel. This contention is clearly untenable. The rights of litigants with respect to controverted matters of fact are to be determined by testimony, and it would be a travesty upon the administration of the law to determine the facts upon the mere statements of counsel made at the trial touching the effect of the evidence offered, when the evidence itself is excluded from the record, and is never seen by the court which is to ultimately determine the facts. This court sits in this class of cases as an appellate court only, and hence it can consider only such testimony as was submitted below, and regularly sent to this court. See *Christianson* v. *Association,* 5 N. D. 438, 67 N. W. 300, 32

32 L. R. A. 730. But appellants' counsel also contends, in effect, that the evidence excluded from the statement is not at all necessary to a proper determination of the case, because, as counsel argues, the evidence which is found in the record will enable this court to make a proper disposition of the case upon its merits, and this without reference to any fact or facts established by that part of the evidence which has been excluded from the statement. But this theory of counsel would require this court to try cases anew, not upon all the evidence offered and proceedings had in the trial court, but upon such parts of the evidence only as counsel for the appellants may wish to submit to this court. Any such rule would manifestly be in the very teeth of plain statutory provisions to the contrary. See § 5630, Rev. Codes 1899. This court is therefore compelled, though with great reluctance, to grant the motion to affirm the judgment, and such will be the order of this court. All the judges concurring.

### ON PETITION FOR REHEARING.

Appellants file a petition for rehearing in this case, which must be denied. In connection with the petition, appellants' counsel files an affidavit setting out in great detail the facts, circumstances, and incidents attending the matter of settling the statement of the case in the District Court, and the averments of this affidavit are to the effect that the statement was settled with the entire consent of the respondent's counsel, and that the respondent's counsel did not at that time object to any statement, matter, or thing contained in the statement of the case. In opposition to the affidavit of the appellants' counsel, counsel for respondent has filed an affidavit in which he denies specifically and in detail nearly all the averments of fact set out in the appellants' affidavit, except that it is admitted in the last mentioned affidavit that counsel for the respondent was present when the statement was settled, and that he made no objection to the settlement, and further admitted that he said to the trial court at that time that he had no amendments to offer to the statement about to be settled. The certificate of the trial court is to the effect that the statement was settled with the consent of both counsel, and that it embraces all the evidence offered and proceedings had at the trial. The affidavits of counsel pro and con as to what was said, done, and understood when the statement was settled have no place in a petition for a rehearing, and the same will be disregarded wholly by this court. The affidavits might have pertinency, perhaps, if the same were presented upon an application to resettle the statement. But no such application was ever made. The statement of the case as settled is a court record, and it must be so regarded, and the certificate to the effect that the statement embraces all the evidence is *prima facie* evidence that all the evidence offered at the trial will be found in the statement; but this evidence is not conclusive. If, on examination of the statement, it appears affirmatively on its face that evi-

dence which was offered below has in fact been omitted from the statement of the case, this fact will control the court, and overcome the *prima facie* evidence contained in the certificate of the trial court. See *Erickson* v. *Kelly,* 9 N. D. 12, 81 N. W. 77 ; *Loan Co.* v. *McLeod,* 10 N. D. —, 86 N. W. 110 ;*Vassau* v. *Campbell,* (Minn.) 81 N. W. 829. As has been seen, in the original opinion this court found by an inspection of the statement of the case that certain papers relating to the tax proceedings in question had been offered in evidence at the trial, and that said papers had been omitted from the statement as settled. Upon this condition of the record the court was without authority to enter upon a trial *de novo* under § 5630, Rev. Codes 1899. Under said section a trial anew in this court of the entire case is conditioned upon two prerequisites, viz.: First, that such trial must be demanded in the statement of the case; and, second, that the statement must embrace all the evidence offered in the court below. Until these conditions are met, this court has no authority to try the case anew. In this case one condition was lacking, viz.: the evidence. The petition is therefore denied.

(86 N. W. Rep. 706.)