(87 N. W. Rep. 188.)

---

FRANK E. LITTEL *vs.* B. H. PHINNEY *et al.*

Opinion filed Oct. 9, 1901.

### Appeal—Trial De Novo—Statement of Case.

In a case tried to the court without a jury this court is without authority to try the case anew unless the statement of the case embraces all the evidence. The certificate of the trial court to the effect that the statement embodies all the evidence is sufficient prima facie, but is not conclusive of the fact, where the record shows on its face that the statement does not contain all the evidence.

### Affirmance Without Prejudice.

Applying these rules to this record, the judgment of the trial court must be affirmed, and the same is affirmed, but without prejudice to further proceedings to determine the rights of the parties with respect to the subject-matter involved in this action.

Appeal from District Court, Richland County; *Lauder,* J.

Action by Frank E. Littel against Bunton H. Phinney and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Curtiss Sweigle,* for appellant.

Plaintiff's complaint is in the short form to determine adverse claims under § 5904, Rev. Codes. Defendants counterclaimed, alleging title in themselves. The court erred in striking from plaintiff's reply that portion pleaded as a counterclaim to defendants' affirmative cause of action. Ejectment at common law has been abolished in most states, and the statutory action to determine adverse claims has been substituted. *Holland* v. *Challen,* 110 U. S. 15; *Wood* v. *Conrad,* 50 N. W. Rep. 903. Plaintiff's counterclaim asked that the value of improvements built by him on the premises in good faith be allowed him in case his title proved invalid. Where defendant counterclaims in an action to determine adverse claims, the position of the parties is reversed, the defendant becomes the plaintiff and takes the affirmative in pleading and proof, while the plaintiff defends against the claim. *Walton* v. *Perkins,* 10 N. W. Rep. 425; *O'Neil* v. *Tyler,* 3 N. D. 47, 53 N. W. Rep. 439. Defendants should not have been permitted to introduce proof under their answer because they failed to pay or tender plaintiff legal taxes paid by him. § 1640, Comp. Laws; *O'Neil* v. *Tyler,* 3 N. D. 47, 53 N. W. Rep. 434. The assessment of several lots together, belonging to the same owner, does not invalidate the assessment. *People* v. *Morse,* 43 Cal. 534; *People* v. *Culverwell,* 44 Cal. 620; *Sanborn* v. *Mueller,*

35 N. W. Rep. 668; *Johnson Co.* v. *Tierney*, 76 N. W. Rep. 1090; *Mix* v. *People*, 4 N. E. Rep. 783; *Dodge* v. *Emmons*, 9 Pac. 951; *Wright* v. *Cradlebaugh*, 3 Nev. 345. Where a taxpayer lists several parcels as one and they are so assessed, neither he nor his grantee can afterwards object to such assessment. *Russell* v. *Werntz*, 24 Pa. St. 337; *Albany Brewing Co.* v. *Meriden*, 48 Conn. 243; *State* v. *Baker*, 49 Tex. 763-4. Where several tracts were illegally sold together, the running of the statute of limitations will cure a recovery by the owner. *Monk* v. *Corwin*, 12 N. W. Rep. 571; *Bullis* v. *Marsh*, 2 N. W. Rep. 442; *Thomas* v. *Stickle*, 32 Ia. 71; *Douglas* v. *Tullock*, 34 Ia. 262; *Francis* v. *Groat*, 14 Mo. App. 324; *Knox* v. *Cleveland*, 13 Wis. 245; Blackwell, § 918. The taxes being conceded as legal, should have been paid or tendered. § 1640, Comp. Laws. And plaintiff is entitled to judgment for legal taxes. § 1643, Comp. Laws. None of the objections to the deeds went to the groundwork of the tax. *O'Neil* v. *Tyler*, 3 N. D. 47, 53 N. W. Rep. 440; *Farrington* v. *New Eng. Inv. Co.*, 1. N. D. 102.

*Freerks & Freerks*, for respondent..

Judgment should be affirmed because it appears upon the face of the record that all the evidence offered at the trial of the action has not been incorporated into the record. § 5630 Rev. Codes; *U .S. Sav. & Loan Co.* v. *McLeod*, 10 N. D. 111, 86 N. W. Rep. 110; *Kipp* v. *Angell*, 10 N. D. 199, 86 N. W. Rep. 706. The plaintiff conceded at the trial that the manner in which lots eight, nine and ten were listed was not in conformity to the method prescribed by the statute, and it was conceded that defendants could not avail themselves of these irregularities because more than three years had elapsed since the recording of the tax deeds. The statute under which this publication was made does not permit the treasurer to advertise three different tracts of land together, and set opposite them a gross amount without stating an actual amount due against each description, and the publication cannot be for more than one year. The interest, penalty and cost of advertising must be included in the amount set opposite each description. *Dever* v. *Cornwell*, 10 N. D. 123, 86 N. W. Rep. 227; *Sweigle* v. *Gates*, 9 N. D. 538, 84 N. W. Rep. 487. The defendants alleged facts in their answer which, if true, would make the plaintiff's title unlawful and void. No tender of payment of taxes would be necessary under those circumstances. *Salmer* v. *Lathrop*, 72 N. W. Rep. 574, 10 S. D. 216; *Clark* v. *Darlington*, 63 N. W. Rep. 771, 7 S. D. 148; *Powers* v. *Larabee*, 2 N. D. 141. When the statute under which the sale is made directs a thing to be done, or prescribes the form, time and manner of doing anything, such a thing must be done, and in the form, time and manner prescribed, or the title is invalid, and in this respect statutes must be strictly if not literally complied with. *Whittaker* v. *City of Deadwood*, 82 N. W. Rep. 204; *Chandler* v. *Spear*, 22 Vt. 398; Cooley Taxation, 287; 2 Desty Taxation, 842.

WALLIN, C. J.  This·action was tried in the district court without a jury, and judgment was entered in that court in favor of the defendants, dismissing the action, and giving other relief.  Plaintiff· appeals to this court from said judgment, and in the statement of the case, which purports to embody all of the evidence offered at the trial, the plaintiff asks for a trial anew in this court of the entire case.  Nevertheless, it appears upon inspection of the record that the statement of the case fails to embrace all of the evidence offered at the trial, and that a portion of such evidence is omitted from the statement.  In this condition of the record this court is without lawful authority to try the case anew.  Authority to try civil actions anew in this court is derived solely from the statute, and, when the statute is not complied with, this court is devoid of authority to enter upon a new trial of the facts, or upon a reinvestigation of the questions arising upon the evidence.  See Rev. Codes 1899, § 5630; also *Loan Co.* v. *McLeod,* 10 N. D. 111, 86 N. W. Rep. 110; *Kipp* v. *Angell,* 10 N. D. 199; *Geils* v. *Fluegel,* 10 N. D. 211.  Nor can this court, in cases such as this, proceed to inquire whether the facts embraced in the findings are justified by the evidence, or whether evidence in the record is or is not admissible under the issues.  In this case the conclusions of law and the judgment are justified by the findings of fact.  It becomes our duty, therefore, to affirm the judgment entered below, but in so doing we deem it proper, upon the facts disclosed in the record in this case, to say that the present action is determined without prejudice to any further action or proceedings between the parties which may hereafter be instituted to determine the rights of the parties relating to the subject-matter of the suit, which are set out in the amended complaint, and are left undetermined in this action.  Judgment affirmed.  All the judges concur.