ZERLINA S. EAKIN v. L. C. CAMPBELL.

Opinion filed Oct. 16, 1901.

**Appeal—Trial De Novo—Statement of Case.**

> To secure a trial ne novo in this court in actions tried to the court without a jury, under §5630, Rev. Codes 1899, it is necessary that the statement of case settled shall in fact contain all of the evidence offered and proceedings had at the trial, as well as the specifications required by said section. It is accordingly *held* that the failure of appellant to incorporate in the statement certain exhibits, which were offered in evidence in the trial court, or to have the same officially identified as constituting a part of such statement, precludes this court from trying the case anew.

**Election Contest—Evidence Supports Finding.**

> This is an election contest. The trial court found that the plaintiff and contestant had a majority of the votes cast upon the official precinct return; further, that she also had a majority upon a count of the ballots of the only precinct in dispute. It is *held* that these findings support the judgment appealed from, which declares the plaintiff to have been elected and awards to her the office in dispute.

Appeal from District Court, Foster County, *Glaspell*, J.

Action by Zerlina S. Eakin against L. C. Campbell. Judgment for plaintiff. Defendant appeals. Affirmed.

*C. E. Leslie* and *Newman, Spalding & Stambaugh,* for appellant.

*F. Baldwin,* for respondent.

YOUNG, J. This is an election contest. The plaintiff and defendant were rival candidates for the office of superintendent of schools for Foster county at the general election held November 6, 1900, and their names appeared upon the official ballots at said election, in their respective party columns. In canvassing the precinct returns, the county canvassing board determined that 431 votes had been cast for plaintiff, and 433 votes for defendant, or a majority of two for defendant. In accordance with such canvass, a certificate of election was issued to the defendant. Thereafter, and within the time allowed by law, the plaintiff, Zerlina S. Eakin, instituted this contest under the provisions of article 12 of chapter 8 of the Political Code (Rev. Codes, 1899, § § 563, 575). The correctness of the returns and canvass as to 12 of the 13 precincts into which the county is divided is not challenged. Plaintiff in her notice of contest attacks one precinct only, namely, Carrington precinct. As to this she alleges that, if the legal votes cast at said precinct were properly counted and canvassed, she would have a majority of all votes cast for said office. The issues joined by the notice of contest and defendant's answer thereto, so far as material, relate entirely to Carrington precinct. The trial court found, upon an inspection of the ballots of that precinct, that the plaintiff had a majority of seven of all votes cast for said office. This result was reached by adding to the unchallenged returns of the 12 precincts the vote of Carrington precinct, as determined by an examin-

ation of the ballots returned by the precinct officers. Judgment was ordered and entered directing the county auditor to issue a certificate of election to the plaintiff. From that judgment, the defendant prosecutes this appeal.

A statement of case is contained in the record transmitted to this court, which was apparently settled with a view to securing a retrial in this court such as may be had in civil actions tried under the provisions of § 5630, Rev. Codes, 1899. The statement has a certificate of the trial judge attached thereto reciting that it contains all of the evidence offered and proceedings had, and contains a statement that the appellant desires this court to review the entire case. An examination of the statement shows that it does not contain all of the evidence offered. None of the exhibits, which are shown to have been offered in evidence at the trial—and they are 26 in number—are contained in the statement. Neither are they otherwise officially identified as constituting a part of such statement. These include the poll books, precinct returns, and such disputed ballots from Carrington precinct as were submitted to the trial court. Upon this state of facts, this court is without jurisdiction to try the case de novo under the section of the Revised Codes above referred to. Appellants who would avail themselves of the right to a retrial in this court under said section must see to it that the statement of case settled does in fact contain all that is necessary to authorize such retrial. Where a review of the entire case is demanded, and such is the demand in this case, the statement must contain all of the evidence offered and proceedings had; otherwise the power to retry or review the evidence does not exist. It is imperative that exhibits offered shall be actually embodied in the statement, or be officially made a part thereof, when it is not feasible to physically embody them therein. This has been the uniform holding of this court in a long series of decisions. The judge's certificate that the statement contains all of the evidence offered and proceedings had is not conclusive. *Bank* v. *Davis,* 8 N. D. 83, 76 N. W. Rep. 998; *Register Co.* v. *Wilson,* 9 N. D. 112, 81 N. W. Rep. 285 and cases cited in opinion; also *Loan Co.* v. *McLeod,* 10 N. D. 111, 86 N. W. Rep. 110; *Giels* v. *Fluegel,* 10 N. D. 211, 86 N. W. Rep. 712.

A number of miscellaneous papers have been filed in this court with the record in the case which constitute no part of the judgment roll. Among them are certain shorthand notes and files in another election contest case, also certain poll books and ballots, which may be the poll books and ballots referred to in the statement as having been offered in evidence. They are, however, in no way connected with the statement by any official identification by the trial judge. The only marks upon them by which any one could possibly identify them are certain shorthand characters, which are wholly unintelligible to us. Under these circumstances, we would not be warranted in assuming that these loose and unidentified papers are the exhibits actually offered, and thus proceed to determine the rights of these

N. D. R.—27

litigants to the office in question upon a mere assumption as to what constitutes the evidence of their rights. C. E. Leslie, one of the attorneys for appellant, has filed an affidavit in this court stating that, at the settlement of the statement of case in the district court, he inclosed the several exhibits in a large envelope or "pocket," and that this "was attached to the balance of the settled statement of the case to which the judge's certificate was attached." The affidavit does not state how the envelope was attached. But, in any event, it is not important to consider what attempts were made in the district court to bring the exhibits into the statement. *Kipp* v. *Angell*, 10 N. D. 199, 86 N. W. Rep. 706. We are governed by the record filed in this court, and the statement as presented to this court does not contain the exhibits, and they are not identified by the trial judge as constituting a part of such statement. A trial de novo cannot, therefore, be had.

The only question before us for consideration is whether the judgment of the trial court awarding the office to the contestant is sustained by the findings. It is entirely clear that it is, and the judgment must accordingly be affirmed. The findings establish the fact that the official precinct returns of the several precincts of the county gave the plaintiff a majority of nine of all the votes cast for the office of county superintendent; further, that an actual count of the ballots of Carrington precinct, together with the unchallenged returns of the other twelve precincts, gave her a majority of seven votes for said office. The error of the county canvassing board, through which the defendant obtained her certificate of election, was made by going outside of the official statement of election returned by the election officers of Carrington precinct, and counting a large number of votes for both candidates from certain tally lists which were found in the poll books of that precinct. This was improper. In *State* v. *Mackenzie*, 10 N. D. 132, 86 N. W. Rep. 231, decided since this appeal was taken, we reached the conclusion that, under the election laws of this state, "tally lists" constitute no part of the precinct returns. It is the duty of county canvassing boards to canvass the votes as certified by the precinct officers, and the returns must stand until such facts are proven as show that they are not true. McCrary, Elect. § § 412, 571. In this case the evidential effect of the certificate of election issued to the defendant is overthrown by the fact that the precinct returns upon which it is based show that plaintiff, and not defendant had a majority of all the votes cast for said office. While the official returns are binding upon canvassing boards, that is not true as to courts in election contests where the purpose is to ascertain the true vote. On this Judge Cooley in his Constitutional Limitations (page 625) says: "Back of the prima facie case [made by the certificate of election] the courts may go, and the determination of the state board may be corrected by those of the district board, and the latter by the ballots themselves, when the ballots are still in existence, and have been kept as required by law." Counsel for appellant contend that the ballots of Carrington precinct had lost their evidential character by reason of the manner in which they were kept. This as-

signment relates entirely to their admissibility in evidence, and is not reviewable upon the findings; but if this question could be reviewed, and we should hold that they were not in fact admissible for the reason assigned, it could not affect the result, for in that event the precinct returns would stand unimpeached, as declaring the true vote. The precinct returns show that the contestant received a majority of nine, and the count of the ballots which is objected to gives her a majority of seven. Upon the facts of this case as they appear in the findings, it is not necessary to discuss or determine whether the precinct returns or the ballots constituted the best evidence of the true state of the vote, as in either event the contestant received a majority.

Judgment affirmed. All concur.