RENA STEVENS V. CHARLES A. MEYERS.

Opinion filed June 27, 1905.

**Appeal — Review of Evidence — Specification in Statement.**

1. The specification contained in appellant's statement of case and set out in the opinion calls for a legal conclusion, and not the determination of a question of fact, and does not, therefore, authorize a review of the evidence under section 5630, Rev. Codes 1899.

**Fraudulent Conveyance — Intent.**

2. Under our statute (section 5055, Rev. Codes 1899) a fraudulent intent will not necessarily be conclusively presumed as a matter of law from the fact that a conveyance was made without a valuable consideration, and by one who was at the time insolvent. Under the above section the intent is a question of fact and not of law.

**Same — Absence of Consideration — Findings.**

3. The absence of a valuable consideration and the insolvency of the grantor are evidentiary, and not ultimate, facts, and will not, when embodied in additional findings, control an express finding that a transfer was made without fraudulent intent.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by Rena Stevens against Charles A. Meyers. Judgment for plaintiff, and defendant appeals.

Affirmed.

*W. J. Meyer,* for appellant.

Voluntary conveyances by insolvents are fraudulent and void although consummated without fraudulent intent. Stickney v. Borman, 2 Pa. St. 69; Kimel v. M'Right, 2 Pa. St. 38; Thompson v. Crane, 73 Fed. 327; Wooten v. Steele, 109 Ala. 563, 55 Am. St. Rep. 947; Goodman v. Wineland, 61 Md. 449; Marks v. Bradley, 69 Miss. 1; Potter v. McDowell, 31 Mo. 62; Fellows v. Smith, 40 Mich. 689; Farmers Bank v. Price, 41 Mo. 291; 14 Am. & Eng. Enc. Law. 302.

Transfers from husband to wife are presumably fraudulent and void. French v. Holmes, 67 Me. 192; Haston v. Eastern, 31 N. J. Eq. 703; Lockhard v. Buckley, 10 W. Va. 107; Reed v. Livingston, 3 Johns Ch. 481; Hanson et al. v. Manley et al., 33 N. W. 357; Woods v. Allen et al., 80 N. W. 540.

The property retained by the insolvent must be accessible to execution. 14 Am. & Eng. Enc. Law, 308; Eddy v. Baldwin, 33

Mo. 369; Hunter v. Waite, 3 Gratt (Va.) 26; Levering v. Norwell, 9 Baxt. (Tenn.) 176; Baker v. Lyman, 53 Ga. 339; Elwell v. Walker, 3 N. W. 64; Gardener v. Emerson, 91 Me. 536; House v. Judson, 1 Fla. 133; Pomeroy v. Bailey, 43 N. H. 118; Walker v. Loring, 34 S. W. 405; Church v. Chapin, 34 Vt. 223.

The specification of fact to be reviewed was sufficient. Fraud is a question of fact. Rev. Codes 1899, sections 5055, 3848, 3850; Cole v. Tyler et al., 65 N. Y. 73.

*Guy C. H. Corliss,* for respondent.

Fraudulent intent is a question of fact, not of law, and transfer is not void solely on a lack of valuable consideration. Rev. Codes 1899, section 5055; Dygert v. Remerschnider, 32 N. Y. 629; Bull v. Bray, 26 Pac. 873; Emmons v. Barton, 42 Pac. 303.

A tort claim claimant is only a creditor when his unliquidated claim takes the form of a judgment; and when the judgment is recovered after an alleged fraudulent transfer, he is a subsequent creditor. Lillard v. McGee, 4 Bidd. (9 Ky.) 165; Farnsworth v. Bell, 6 Sneed. 531, 76 Hun. 557; Evans v. Lewis, 30 O. St. 11; Miller v. Dayton, 47 Iowa, 312; Langford v. Fly, 7 Hump. 585; Hill v. Bowman, 35 Mich. 191; Beach v. Boynston, 26 Vt. 725.

The burden of showing the insolvency of the alleged fraudulent grantor is upon the party attacking it. Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105; Hyde v. Chatman, 33 Wis. 391; Pence v. Croan, 51 Ind. 336; Bishop v. Lord, 83 Ind. 67; Nevers v. Hack, 46 Am. St. Rep. 380; Puckett v. Richardson, etc., Co., 20 S. W. 1127; Lewis v. Boardman, 79 N. Y. Supp. 1014; Muldz v. Price, 81 N. Y. Supp. 931; Windhaus v. Bootz, 28 Pac. 557; Emmons v. Barton, 42 Pac. 305; Fleugel v. Henschel, 7 N. D. 276.

Insolvency at a later date does not show insolvency at date of transfer. Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082; Kain v. Larkin, supra; Sherman v. Hugland, 54 Ind. 579; Windhaus v. Bootz, 28 Pac. 557; McCole v. Loehr, 79 Ind. 430; Whitesell v. Hiney, 62 Ind. 168.

Actual fraud, as distinguished from constructive fraud, is essential to an attachment. 3 Am. & Eng. Enc. Law (2d Ed.) 201, and cases cited, 146 Ill. 42; Murray Nelson Co. v. Leiter, 60 N. E. 851.

Conveyance had been made at the time of the attachment. Plaintiff could not move to set it aside for actual fraud, as she was not a party in the attachment case, and had no interest to warrant

her intervention therein. Davis v. Warford, 38 Ind. 53; Risher v. Gilpin, 29 Ind. 53; Gordon v. McCurdy, 26 Mo. 304; Hallam v. Jones, 21 Va. 142; City Ins. Co. v. Commercial Bank, 68 Ill. 351.

As to whose claim is the most meritorious, that of a man slandered the day before a husband deserts his wife, or that wife deserted by a husband who owes her support, and in discharge of that legal and moral duty obligation transfers property to her, is answered by the policy of our homestead and exemption laws. DeRuiter et al. v. DeRuiter, 62 N. E. 100, 91 Am. St. Rep. 107.

A tenant in common, in actual possession of land, actually used as a home, has a homestead right therein. Ward v. Mayfield, 41 Ark. 94; McGuire v. Van Pelt, 55 Ala. 344; Oswald et al. v. McCauley et al., 6 Dak. 289, 42 N. W. 769; Kaser v. Haas, 7 N. W. 824; Lindley v. Davis et al., 7 Mont. 206, 14 Pac. 717; Giles v. Miller, 54 N. W. 551; Hill v. Myers, 19 N. E. 593; McElroy v. Bixby, 36 Vt. 254, 84 Am. Dec. 684.

The question is settled in this jurisdiction by the decision in Oswald v. McCauley, supra.

YOUNG, J. The plaintiff brought this action to quiet title to an undivided one-fourth interest in 480 acres of land situated in Grand Forks county, which was conveyed to her by her husband, Richard Stevens, on January 30, 1902. The adverse interest of the defendant arose through the levy of a warrant of attachment upon the land on April 13, 1903, in an action against plaintiff's husband to recover damages for a slander alleged to have been published by him concerning the defendant on January 26,1902. The defendant alleges that the conveyance to the plaintiff, which was made after the utterance of the alleged slander, "was made fraudulently, and with intent to cheat and defraud his creditors, and particularly this defendant, and to prevent and hinder him in collecting his just claim for damages." Judgment was entered declaring the attachment proceedings null and void and quieting title in the plaintiff. Defendant has appealed from the judgment.

The statement of case, which was settled pursuant to section 5630, Rev. Codes 1899, under which the case was tried, specifies the following question for review: "Was the transfer of the land here in controversy, made by Richard Stevens to his wife, Rena Stevens, the plaintiff in this action, fraudulent as to this defendant, Charles A. Myers?" Counsel for plaintiff contends that the foregoing specification is sufficient to authorize a review of the

evidence. The contention must be sustained. Section 5630, which is our only authority to review evidence in cases tried under that section, requires the appellant to specify in his statement of the case "the questions of fact that he desires the Supreme Court to review," unless he desires a review of the entire case, in which event he shall so specify. The appellant has not demanded a review of the entire case.. He specifies but a single question for review, and that, in our opinion, is not a question of fact within the meaning of the above section, but a question of law. A similar specification was held insufficient in Salemonson v. Thompson, 101 N. W. 320, 13 N. D. 182. In that case the question specified was whether a certain person was a creditor. We said: "The vice in this question is that it does not present for examination and determination on the evidence any particular fact, but, on the contrary, calls for the deduction of a legal conclusion from indefinite and unknown facts. * * * The statute above quoted contemplates that the specification of questions of fact for review in this court shall be sufficiently specific to enable the respondent to determine, for the purpose of amendment, what evidence should be included in the statement upon the controverted question of fact. One could only conjecture as to what evidence or facts the appellant would rely upon to sustain her contention that she was a creditor." We think the specification in this case is insufficient for the reasons stated in the case just cited. It calls for a legal conclusion. A more liberal rule should not be applied in determining the sufficiency of a specification of facts for retrial under this statute than prevails in testing the sufficiency of pleadings. Fraud "is never sufficiently pleaded except by the statement of the facts upon which the charge is based." See Bliss on Code Pleading, sections 211, 339, and note, and cases cited; Maxwell on Code Pleading, 193; Bump on Fraudulent Conveyances, section 28; 9 Enc. Pl. & Pr. 686, 687 and 688, and cases cited. Also Bump on Fraud, 114. The appellant having failed to demand a review of the entire case, or to specify any particular fact for review, we are without authority to examine the evidence, and all questions of fact must be deemed to have been properly decided.

The only question of fact before us, then, is this: Do the findings of fact sustain the conclusions of law and judgment? This question, in our opinion, must receive an affirmative answer. The trial court found, among other things, "that the said conveyance was made by the said Richard Stevens in good faith, and without any

intent on his part to defraud the defendant or any other person, but for the sole purpose of providing the plaintiff with a means of support, the said conveyance being so made by him to plaintiff on the eve, and in anticipation, of the abandonment of plaintiff by her said husband, Richard Stevens, without any just cause or excuse; and that said conveyance was accepted by this plaintiff in good faith, and without any intent on her part to defraud the defendant or any other person, and without any participation by plaintiff in such intent, and without knowledge of any such intent on the part of said Richard Stevens; and that at the time of accepting said conveyance this plaintiff knew nothing of the defendant or his alleged claim for slander against the said Richard Stevens." It will be conceded that the above finding, standing alone and unimpeached, would establish conclusively the validity of the conveyance. Defendant seeks to avoid its effect by referring to certain additional findings which were made at his request, in which the court found, in substance, that at the time of the execution of the deed in question Richard Stevens was indebted to one Thomas Stevens in a sum exceeding $1,400; that the land conveyed to the plaintiff was all the property he then owned in the state, which was the place of residence of himself and wife on that date; and that because of such transfer the defendant has been unable to collect his claim. It is said that these additional findings present a case of voluntary conveyance by an insolvent, and that the question of actual intent with which the conveyance was made is not material. In other words, that the law conclusively presumes an intent to defraud when a voluntary conveyance is made by an insolvent. Many courts have so held. A discussion of the principles which lie at the foundation of these cases can serve no useful purpose. Our statute in plain language has laid down a different rule, and, whether wise or unwise, it is our duty to apply it. Sections 5052 and 5055, so far as material, read as follows: Section 5052: "Every transfer of property * * * with intent to delay or defraud any creditor or other person of his demands, is void as against all creditors of the debtor." Section 5055: "In all cases arising under * * * the provisions of this chapter, the question of fraudulent intent is one of fact and not of law; nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration." It will be noted that section 5052 makes the fraudulent intent the vital fact which renders the conveyance void, and section 5055 declares that "the

question of fraudulent intent is one of fact, and not of law," and the latter section goes further, and provides that no transfer shall be adjudged fraudulent solely upon the ground that it was not made for a valuable consideration. This statute will not permit us to hold that a fraudulent intent will be conclusively presumed as a matter of law from the fact that a conveyance was made without consideration, and by one who was at the time insolvent; for such a holding assumes that under such circumstances the question of intent is one of law, and not of fact, and is directly in the teeth of the statute. The question of intent is always one of fact. It must be alleged, proved and found in order to avoid the transfer. The fact of insolvency of the grantor and the inadequacy or total want of consideration are evidence of the grantor's intent to defraud, but are not conclusive evidence. The fraudulent intent is the ultimate fact in issue. Insolvency and want of consideration are evidentiary facts, from which the fraudulent intent may be inferred. In this case the trial judge found that the conveyance was without fraudulent intent, and that is the ultimate fact in issue, and the finding is conclusive. This finding is in no way affected by the presence of the additional findings as to the grantor's insolvency and the absence of consideration, for the latter, as already stated, are merely evidentiary. The trial judge might have inferred a fraudulent intent from those facts, but he did not do so, but found there was no fraudulent intent. That an ultimate fact in the findings cannot be overthrown by the presence of additional findings of evidentiary facts from which a different conclusion might have been drawn is well settled. The ultimate, and not the evidentiary, facts govern. If it were not for our statute, declaring that "the question of fraudulent intent is one of fact, and not of law," it might be contended with good reason that a voluntary conveyance by an insolvent should be conclusively presumed as a matter of law to have been given with intent to defraud. Our statute forbids that view.

The California statute, sections 3439 and 3442, prior to the amendment of 1901, was identical with our sections 5052 and 5055, supra. The Supreme Court of that state has held in a series of cases that under the coercion of these provisions the question of intent is always a question of fact, and never a question of law, even in case of a voluntary conveyance by insolvents. Bull v. Bray, 89 Cal. 286, 26 Pac. 873, 13 L. R. A. 576; Daugherty v. Daugherty, 104 Cal. 221, 37 Pac. 889; Knox v. Moses, 104 Cal. 502, 38

Pac. 318; Emmons v. Barton, 109 Cal. 662, 42 Pac. 303, and cases cited. In our view, no other conclusion is permissible. For other cases holding that such evidence is presumptive, but not conclusive, see Hyde v. Chapman, 33 Wis. 399; Barkow v. Sanger, 47 Wis. 500, 3 N. W. 16; Hooser v. Hunt, 65 Wis. 74, 26 N. W. 442; Jackson v. Peek, 4 Wend. (N. Y.) 302; Seward v. Jackson, 8 Cow. (N. Y.) 423.

Judgment affirmed.   All concur.

(104 N. W. 529.)

NOTE.—On appeal in an action tried under section 5630, Rev. Codes 1899, where findings are waived and never filed, the Supreme Court will not retry issues of facts. Nichols & Shepard Co. v. Stangler, 7 N. D. 102, 72 N. W. 1087. Objection to evidence, preserved in statement of the case, will be reviewed only in retrial of the issues of fact by Supreme Court, and will not be reviewed as errors as in jury cases. Id. Under Section 5630, the Supreme Court will not try anew a case in which no statement of the case is settled, and the bill of exceptions contained none of the specifications requisite to a trial de novo. Ricks v. Bergsvendsen, 8 N. D. 578, 80 N. W. 768; Nat. Cash Register Co. vs. Wilson, 9 N. D. 112, 81 N. W. 285; Erickson et al. v. Cit. Nat. Bank, 9 N. D. 81, 81 N. W. 87. Unless the statement of the case contains specifications of facts to be tried, or a request to try the case anew, the Supreme Court is without authority to try either specific facts or the entire case; such request in the notice of appeal is insufficient. Hayes v. Taylor, 9 N. D. 91, 81 N. W. 49; Mooney v. Donovan, 9 N. D. 93, 81 N. W. 50; Douglas v. Glazier, 9 N D. 615, 84 N. W. 552. Where a retrial of any fact in issue is not demanded in a settled statement of the case, as required by section 5630, Rev. Codes 1899, the Supreme Court is precluded from a retrial of any fact, or considering the evidence for any purpose. Security Improvement Co. et al. vs. Cass Co., 9 N. D. 553, 84 N. W. 477; State v. McGruer, 9 N. D. 566, 84 N. W. 363. Unless it otherwise appears in the record, a certificate of the judge to a statement of the case, that "it contains all the evidence introduced" is sufficient to permit a review of the entire case. Erickson v. Kelly, 9 N. D. 12, 81 N. W. 77; Littel v. Phinney et al., 10 N. D. 351, 87 N. W. 593. Specification of particulars wherein evidence is insufficient to support findings is superfluous under section 5630, Rev. Codes 1899. Erickson v. Cit. Nat. Bank, 9 N. D. 81, 81 N. W. 46. Unless the statement of the case embodies all the evidence, the Supreme Court is without authority to try the case anew, under section 5630, Rev. Codes 1899. Littel v. Phinney, 10 N. D. 351, 87 N. W. 593; Geils et al. v. Fluege, 10 N. D. 211, 86 N. W. 712; Eakin v. Campbell, 10 N. D. 416, 87 N. W. 991; Teinen et al. v. Lally et al., 10 N. D. 153, 86 N. W. 356. In an action tried before a jury, where evidence was excluded upon objection, but at the conclusion of the trial the jury were discharged by consent of counsel, and the case submitted upon the evidence adduced, on appeal a retrial could not be had under section 5630, Rev. Codes 1899, because all the evidence offered did not, and could not,

appear in a stated case. Hagen v. Gilbertson et al., 10 N. D. 546, 88 N. W. 455. In such a case the Supreme Court will not review errors in rulings made in the trial court. Id. Objection that a statement of the case is defective is not a proper ground for a dismissal of the appeal. N. P. Ry. Co. v. Lake, 10 N. D. 541, 88 N. W. 461. Under section 5630, Rev. Codes 1899, where part of the issues only were tried in the court below, the Supreme Court cannot retry the action. Mapes v. Metcalf, 10 N. D. 601, 88 N. W. 461. Refusal of the court to find upon all issues is not ground for granting or refusing a new trial. The remedy is an appeal from the judgment and a trial de novo in the Supreme Court. Chaffee-Miller Land Co. v. Barber et al., 12 N. D. 478, 97 N. W. 850. Motion for new trial grounded on errors of law is not provided for under section 5630, Rev. Codes 1899. Park River v. Norton, 12 N. D. 497, 97 N. W. 860. Errors of law are reviewed only in connection with a review of the facts upon the merits under that section. Id. On appeal under section 5630, Rev. Codes 1899, the case will be heard upon the same theory upon which it was tried in the court below. Fifer v. Fifer, 13 N. D. 20, 99 N. W. 763. Section 5630, Rev Codes 1899, gives the appellant the right to specify questions of fact for review upon appeal, but not the respondent. Salemonson v. Thompson, 13 N. D. 182, 101 N. W. 320. Specifications of fact must be sufficiently definite to enable respondent to determine for purposes of amendment, what evidence should be embodied in a statement of the case. Id. In cases not triable de novo on appeal, neither errors of law accruing at the trial, nor insufficiency of the evidence to sustain the findings, can be considered by the Supreme Court, without specifications of errors embodied in a statement of the case. Barnum v. Gorham Land Co., 13 N. D. 359, 100 N. W. 1079. Since the enactment of chapter 201, page 277, Laws of 1903, an action at law, where jury is waived, is not triable under section 5630, Rev. Codes 1899. Id.