We concur with his Honor that there was no sufficient return of a levy in this case. The paper to which reference was made *Page 298 
by the officer who was intrusted with the execution of the process was not attached to the execution or judgment; and to this fact, it must be presumed, the presiding judge had allusion in saying that "the levy could not be made out by reference to another paper," because, if attached, it would constitute a part of the paper itself, and could not, with propriety, be said to be referred to. As to the insufficiency of the levy there can be no doubt, upon an inspection of the act directing the manner in which the officer shall perform his duty. It directs him, upon an execution from a justice of the peace coming to his hands, to levy on the goods and chattels, etc., and, for want of goods and chattels, to levy on "the lands and tenements," etc., "and make return thereof to the justice who issued the same, setting forth on the execution
the money," etc., "and what lands and tenements he hath levied," etc. It further provides: "And the justice to whom the return is made shall return such execution, with all the other papers on which the judgment was given, to the next court to be held for his county," and the clerk of the court shall "record the whole of the papers and proceedings had before the justice." Rev. Stat., ch. 62, sec. 16. This last clause explains why it is the Legislature required the return to be indorsed on the execution; it is that it might be made a record of. Justices' courts are not courts of record, and sound policy did not permit that the title to real property, acquired under the action of the law, should be trusted (431) to their frail memorials. To enable the county court to act advisedly and to know what land they were called on to condemn, it was necessary that the proceedings before the magistrate should be filed on their records, ascertaining with legal certainty the land levied on. They constitute their warrant for proceeding to condemnation, without which the cannot act, or, if they do proceed, their action is void. To the purchaser under such an execution the provision is all-important. It preserves to him the evidence upon which his title to the land rests. If other land than that levied on is sold by the officer, the purchaser acquires no title. By pursuing and observing the provisions of the act, the land is effectually identified, and his evidence is perpetuated for him. The officer, then, making the levy must make his return on the judgment and execution when they are one and the same piece of paper, or on the execution when they are different ones, or on some paper annexed to the one or the other. In this case the paper referred to by the officer was not attached to either the judgment or execution, but is the notice required to be given to the defendant five days before court by the officer making the levy. This notice is the act of the officer, with which the justice had nothing to do, and it was not to be returned to him. The law does not require it shall be recorded. Being a loose piece of paper, it might very easily be lost, to the great injury of the *Page 299 
purchaser. The objection to the plaintiff's right of recovery lies upon the face of his title, and the defendant is at liberty to avail himself of it.
Cited: Jones v. Austin, 32 N.C. 22; Brazier v. Thomas, 44 N.C. 29.
(432)