BLACK HILLS BREWING COMPANY, Respondent, v. MIDDLE WEST FIRE INSURANCE COMPANY, Appellant.

(141 N. W. 358.)

1.   **Appeal—Record—Amending Transcript, On Rehearing—Showing Necessary.**

Very exceptional circumstances must be shown to obtain leave to have omissions and defects in transcript or return on appeal supplied, after decision of the case, and pending application for rehearing.

2.   **Same—Correction of—Unavailing Correction.**

An application to correct the record on appeal will be denied, where, even if it should be corrected so as to conform to every fact claimed by the applicant, it would not avail him anything.

3.   **Execution—Return—Amended Return, Attaching it to Execution.**

Under Code Civ. Proc., Sec. 337, concerning the return to an execution, a paper could only become an amended return by being attached to the execution by the sheriff after trial court made its order allowing the amendment.

4.   **Evidence—New Trial—Return to Execution—Second Trial, Anticipating Result of.**

In granting a new trial, the Supreme Court has no right

to anticipate the result of a second trial, even if it should seem to it apparent that, upon a second trial, certain evidence theretofore lacking might be supplied; and, in the light of the decision of the Supreme Court, doubtless respondent will not make the error of offering in evidence an execution without a proper return attached thereto.

**5.  Trial—Evidence, Offer of—"Amended Return."**

An offer of evidence, of "the original records had upon the sale upon execution in the case" named, was not an offer of an "amended return" in the action, so as to require an objection thereto on ground that it was not in fact a "return," because not physically attached to the execution, in order to dispute it on that ground.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

Action by the Black Hills Brewing Company against the Middle West Fire Insurance Company, to recover, as assignee, on a chose in action alleged to have been purchased under execution against defendant's creditors. On plaintiff-respondent's application to have the original record returned below for correction, and for a rehearing. Applications denied, and new trial granted.

For former opinion, see 31 S. D. 318, 140 N. W. 687.

*Herman Winterer, David S. Ritchie,* and *Stewart & Hodgson,* for Appellant.

The request of the plaintiff comes too late; it is not the policy of the Court to return the record for amendment after decision. Grigsby v. Wopschall, 127 N. W. 605 (S. D.) ; Juckett v. Fargo Merc. Co., 100 N. W. 742 (S. D.) ; 3 Cyc. 143-144 and cases there cited.

*Norman T. Mason,* and *Eben W. Martin,* for Respondent.

Appellant has suffered no prejudice by reason of the defects pointed out by this Court. Sec. 153, Code Civ. Proc.

When the record states, "Plaintiff now offers in evidence the original records had upon the execution sale, etc.," the word *original* is used in its sense as distinguished from copies; not in the sense of an original record as distinguished from an amended record.

Respondent desires leave, under the order to show cause submitted herewith, to correct the record by showing that the Circuit Court did orally grant leave for the amendment of the sheriff's

return prior to the commencement of the trial of the case at bar, though the written order was not signed until March 4th, when judgment in this case was also signed; and that at the time of the granting of such order the amended return allowed thereby, signed by the sheriff, was attached to the order to show cause in the other case, and that such amended return was introduced in evidence on the trial.

WHITING, P. J. Upon March 31, 1913, this court filed an opinion in this cause holding that the judgment of the trial court should be reversed. This opinion will be found in 140 N. W. at page 687. Reference is made thereto for a statement relating to the contents of the record then presented to this court. This cause is now before us upon respondent's application asking that the original record be returned to the trial court to enable respondent to have the same corrected and settled so as to conform to what it contends are the facts, and upon respondent's application for a rehearing herein.

The first application should be and is denied for two reasons:

[1] (1) "Very special and exceptional circumstances must be shown to obtain leave to have omissions and defects in the transcript or return on appeal or writ of error supplied after a case has once been decided, and while an application for rehearing is pending." 3 Cyc. 144. No sufficient showing has been made herein to justify such relief at this late date. We quote with approval the following from the decision of the Supreme Court of North Dakota in Ricks v. Bergsvendsen, 8 N. D. 578, 80 N. W. 768: "In this action appellant's counsel has filed a petition for a rehearing, and in connection therewith has requested this court to withhold the remittitur, and to send down the record, to enable the appellant to apply to the district court for a resettlement of the so-called 'statement of the case,' with a view of incorporating therein certain essential specifications which were omitted from the original record as transmitted to this court, and upon which the case was disposed of by this court. These requests, coming as they do, after the case has been submitted and decided, and after an opinion has been written and filed, are not seasonably made. Without holding that this court is devoid of authority to grant such a request, under any possible state of facts, we do, without hesitation, hold that similar requests will ordinarily be denied, and

will not be granted in any case, unless it presents features which are peculiar and very exceptional, and such as this case does not present."

[2, 3] (2)   A further and all sufficient reason for refusing the application is because, if the record should be corrected so as to conform with every fact claimed by respondent, it would avail respondent nothing. Respondent speaks of an "amended return" which it claims was received in evidence. It clearly appears that there never was an amended return made by the sheriff. The paper referred to as an "amended return" was nothing more nor less than a "proposed return" made by the sheriff on or before February 23, 1912, dated February 27, 1912, and attached to the order to show cause issued by the trial court in the action against Giljevich. It could become an "amended return" in fact only by being, by the sheriff, attached to the execution and so attached after the trial court had made its order allowing the amendment. "The return to an execution must be in writing, upon the writ itself or upon a paper attached thereto." 17 Cyc. 1366; Freeman on Executions, §355, note 53; Dickson v. Peppers, 29 N. C. 429. This is certainly necessary under section 337, C. C. P., which provides: "When an execution is delivered to any officer, he must endorse thereon the day and hour when he received it, and must proceed to execute the same with diligence; and, if executed, an exact description of the property at length, with the date of the levy, sale, or other act done by virtue thereof, must be endorsed upon or appended to the execution.   * * *"

[4]   Respondent in its application for rehearing states: "Finally, what prejudice has appellant suffered by reason of the defects pointed out by this court? If a new trial is had, the same amended return which was introduced on the former trial will again be offered; but this time with a filing mark subsequent to March 4th; the order allowing the amendment will be no different from what it was assumed to be on the former trial, except that it will be in writing; its effect on appellant's rights will be no different from what the parties assumed it to be on the former trial; the result of the trial will be the same as before; appellant will have gained nothing of benefit, but the respondent will be placed to the cost and delay of further proceedings." · Sufficient answer to this is that an appellate court has no right to anticipate the

result of a second trial, even if it should seem to it quite apparent that, upon a second trial, certain evidence theretofore lacking might be supplied. Undoubtedly in the light of the decision of this court, respondent will not make the error of offering in evidence the execution without a proper return attached thereto. The lack of such return was a complete defense; this court does not know what, if any, defense appellant will be able to make upon a second trial.

[5] Respondent further urges that, under the record as it now stands, this court was in error in its opinion heretofore rendered, and that for that reason alone, disregarding all other questions raised, a rehearing should be granted. It contends that appellant never objected to the so-called "amended return" upon the ground that it was not in fact a "return." It was incumbent upon respondent to put in evidence such a return as tended to show levy and sale of the chose in action. No such return was ever offered. The so-called "amended return" was nothing more than part of the showing on the order to show cause. It was never offered as an "amended return" by respondent. Respondent's offer was as follows: "Plaintiff now offers in evidence the original records had upon the sale upon execution in the case of Black Hills Brewing Company versus John Giljevich et al." Respondent contends that the word "original," as used in the above offer, was used to distinguish the papers offered and to call attention to the fact that they were not copies. Conceding this to be true, yet what was offered? The execution and the return as theretofore made thereon, and an order to show cause, with certain moving papers thereto attached, one of which was in *form* of an "amended return" but was in fact no return whatsoever. No amended return was offered and none was in existence. Appellant was therefore correct when in its motion for a directed verdict it contended: "That it appears affirmatively from the testimony herein that the said plaintiff is not the owner of any claim against said company incurred by reason of loss by fire, * * * in that it appears that no sale was had or levy made upon said claim; the sheriff's return, being the basis for sale, is conclusive of the proceedings of the sheriff, and does not recite or show that an alleged levy was made, or attempted to be made, against any claim Giljevich may have had against this defendant."

Both applications are denied. In our former opinion the judgment was reversed without any direction for a new trial. The appellant should be granted a new trial.